IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

Houston Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:17-cr-116-2 |
| | ) | |
| STEPHEN E. STOCKMAN, | ) | The Honorable Lee H. Rosenthal |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' MOTION TO ADMIT WRITTEN STATEMENT

The United States of America, by and through undersigned counsel, respectfully requests that the Court admit into evidence a written statement from one of the victims of the defendant's fraud scheme who passed away shortly before the grand jury returned the First Superseding Indictment. The statement is relevant to showing the victim's understanding and intent with respect to his charitable donations to the defendant's purported nonprofit organizations, and is therefore admissible as either non-hearsay or under the exception to the hearsay rule for statements reflecting the declarant's state of mind. And because the written statement is non-testimonial in nature, the Confrontation Clause presents no barrier to admission.

### BACKGROUND

The First Superseding Indictment charges the defendant with perpetrating a long-running fraud scheme from 2010 to 2014 that involved raising hundreds of thousands of dollars in donations using the names of sham nonprofit entities, then diverting these funds to pay for personal and campaign expenses. Relevant to this motion, the victim of the defendant's fraud in 2010 was an individual identified in the First Superseding Indictment as Person A, who donated

$285,000 from his family's charitable foundation to one of the defendant's purported nonprofits, the Ross Center, in four separate installments: $25,000 in May; $100,000 in July; $100,000 in September; and $60,000 in October.

The evidence at trial will show that the defendant and his associate, Thomas Dodd, worked jointly to solicit these donations from Person A purportedly to fund voter education projects in targeted jurisdictions across the country in anticipation of the November 2010 elections. Both before and after the elections, the defendant, Dodd, and Person A's assistant exchanged a number of emails and other correspondence referencing Person A's list of targeted jurisdictions and the candidates running in those elections.

On September 17, 2010, Person A wrote a letter to the defendant and Dodd in connection with one of his $100,000 donations to the Ross Center. The letter read:

> Dear Steve and Tom,
>
> Enclosed is a check to the Ross Center for $100,000, as I understand that it is a qualified foundation under section 501C3 [sic] of the Internal Revenue code, so this is a contribution to them.
>
> I have appended a list of people who may benefit if material gets to people who could be supporters of their policies or philosophies.
>
> In one instance, I hope to learn whether the people in Nevada intend to make use of factual information that has been printed in the National and/or Nevada newspapers or information that has been published in the past and vetted since it was published.
>
> Kindest Regards,
>
> [Person A]

  Cc: Tom Dodd (Vanguard Organization)[1]

(Ex. A). That same day, Person A's assistant emailed Dodd under the subject line, "List." The body of the email contained a list of 19 federal and state candidates in the upcoming November 2010 elections.

## ARGUMENT

  Person A's letter to the defendant is admissible for two reasons. First, the letter is not hearsay because it is not being offered to prove the truth of the matter asserted, but rather to show (1) Person A's understanding, implicit in the statement, about how his donation would be used, and (2) the defendant's knowledge and awareness of the terms of Person A's donation. Second, even if the statement is offered to prove the truth of the matter asserted, it would fall within a well-established exception to the prohibition on hearsay as a statement of the declarant's then-existing state of mind, to show Person A's contemporaneous motive, intent, belief, and plan concerning his donations to the Ross Center. Finally, given the non-testimonial nature of the statements, the Confrontation Clause imposes no barrier to their admission at trial.

  I.  <u>Legal Standard</u>

  The Federal Rules of Evidence generally prohibit the use of hearsay at trial. Fed.R.Evid. 802. Hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed.R.Evid. 801. Importantly, when a statement is *not* offered to prove the truth of the matter asserted, it falls outside the hearsay rule and may be admitted for an otherwise relevant purpose. *United States v. Vizcarra-Porras*, 889 F.2d 1435, 1439 (5th Cir.

---

[1] Dodd had previously solicited Person A for donations to the Vanguard Organization, a venture separate and apart from the Ross Center.

3

1989) ("[I]f the proponent of challenged testimony is not seeking to establish the truth of the assertions found in the challenged testimony, then that testimony simply does not fall under the proscriptions against the use of hearsay under the Federal Rules of Evidence."); *United States v. Parry*, 649 F.2d 292, 295 (5th Cir. 1981) ("Implicit in both the definition and justification for the [hearsay] rule . . . is the recognition that whenever an out-of-court statement is offered for some purpose other than to prove the truth of the matter asserted, the value of the statement does not rest upon the declarant's credibility and, therefore, is not subject to attack as hearsay.")

A statement offered to prove an assertion implicit in the statement, for example, is not offered "to prove the truth of the matter asserted," Fed.R.Evid. 801, and is therefore admissible to prove the relevant implied assertion. *United States v. Lewis*, 902 F.2d 1176, 1179 (5th Cir. 1990) (noting that Rule 801's definition of "statement" removes "implied assertions from the coverage of the hearsay rule"); *see also Parry*, 649 F.2d at 295 ("Using an out-of-court utterance as circumstantial evidence of the declarant's knowledge of the existence of some fact, rather than as testimonial evidence of the truth of the matter asserted, does not offend the hearsay rule."). Similarly, "[a]n out-of-court statement that is offered to show its effect on the hearer's state of mind is not hearsay under Rule 801(c)." *United States v. Thompson*, 279 F.3d 1043, 1047 (D.C. Cir. 2002); *see also White v. Fox*, 470 F. App'x 214, 222 (5th Cir. 2012) (observing that a statement "offered to show the effect on the listener" was not hearsay); *Barrett v. Acevedo*, 169 F.3d 1155, 1163 (8th Cir. 1999) ("[A]n out-of-court statement which is offered to reveal the recipient's state of mind is not hearsay.").

A statement that is offered for its truth and that otherwise qualifies as hearsay may still be admissible under an exception to the hearsay rule, such as the exception for statements of "Then-

4

Existing Mental, Emotional, or Physical Condition," under Federal Rule of Evidence 803(3). That rule applies to "statement[s] of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will."  Fed.R.Evid. 803(3).

To be admitted under the state-of-mind exception, a statement must typically meet three requirements: (1) "the statement must be contemporaneous with the mental state sought to be proven;" (2) "[t]here must be no suspicious circumstances suggesting a motive for the declarant to fabricate or misrepresent his or her thoughts;" and (3) "[t]he declarant's state of mind must be relevant to an issue in the case."  Weinstein's Federal Evidence § 803.05 (2018); *see also Prather v. Prather*, 650 F.2d 88, 90 (5th Cir. 1981) ("[I]t is clear that before a statement, otherwise hearsay, can be admitted under 803(3) to show the declarant's then existing state of mind, the declarant's state of mind must be a relevant issue in the case.").

In addition to intent, motive, and plan, Rule 803(3) provides for the admissibility of statements of a declarant's belief.  *See Armco, Inc. v. Armco Burglar Alarm Co., Inc.*, 693 F.2d 1155, 1160 n.10 (5th Cir. 1982) ("Armco Burglar Alarm claims that the statements were the equivalent of 'I believe that defendant and plaintiff are one and the same or are related,' and were offered to prove the truth of the matter asserted, namely that the declarant actually did hold such a belief.  Even so, they would be admissible under the state of mind exception."); *Mary Kay, Inc. v. Weber*, 601 F. Supp. 2d 839, 847 (N.D. Tex. 2009) ("Even if the court views the e-mails as the equivalent of the statement, "I believe Mary Kay and touchofpinkcosmetics.com are the same company,"—in which case the e-mails would be offered for the truth of the matter

5

asserted—such a statement is admissible under Federal Rule of Evidence 803(3), the state of mind exception.").

Rule 803(3) instructs, however, that a statement of belief may not be offered to prove the truth of the fact believed. Fed.R.Evid. 803(3) (providing that the exception does not apply to "a statement of memory or belief to prove the fact remembered or believed"); *see also United States v. Cohen*, 631 F.2d 1223, 1225 (5th Cir. 1980) (observing that Rule 803(3) "expressly excludes from the operation of the rule a statement of belief to prove the fact believed"). This is so because, while the declarant's contemporaneous expression of belief is considered a reliable reflection of the declarant's true state of mind, *see* 2 McCormick On Evid. § 274 (7th ed.), the declarant's belief may ultimately be wrong. A declarant's statement, "I believe the world is flat," for example, is inadmissible to prove the truth of the fact believed—*i.e.* that the world, in fact, is flat. But when the truth of the fact believed is immaterial to the case (or, as in a fraud case, when the fact believed by the victim is actually false), and only the declarant's state of mind is relevant, a declarant's statement of belief is properly admitted under Rule 803(3). *Knit With v. Knitting Fever, Inc.*, 742 F. Supp. 2d 568, 582 (E.D. Pa. 2010) ("[S]tatements that tend to prove the declarant's intent or state of mind regardless of the underlying truth are admissible, whereas statements that tend to prove the truth of the fact remembered are not admissible.").

Even if a statement falls within an exception to the hearsay rule, the proponent of the statement must overcome any barrier to admission under the Confrontation Clause of the Sixth Amendment. The Confrontation Clause prohibits the admission of "*testimonial* statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54

6

(2004) (emphasis added). An out-of-court statement is testimonial if it was "'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 (2009) (quoting *Crawford*, 541 U.S. at 52). Casual statements to acquaintances unconnected to any pending or contemplated judicial proceeding or investigation are not considered testimonial. *See Crawford*, 541 U.S. at 51 ("An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not."); *United States v. Curry*, 452 F. App'x 514, 515 (5th Cir. 2011) (internal quotation marks omitted) (finding no error under the Confrontation Clause in admitting "a statement that [was] fairly . . . considered a casual remark to an acquaintance," and where "there [was] no indication that it was meant to bear testimony against [the defendant]").

   II. <u>Person A's Written Statement is Admissible Under the Rules of Evidence and the Confrontation Clause</u>

Person A's September 17, 2010, letter to the defendant is admissible, first, as a non-hearsay statement offered to show Person A's understanding about where his $100,000 donation would go. In the letter, Person A states that he is making the donation to the Ross Center, a "qualified foundation under section 501C3 [sic]," in order to benefit the people on the accompanying list through the disbursement of "materials" to those "who could be supporters of their policies or philosophies." (Ex. A). Person A concluded the letter: "In one instance, I hope to learn whether the people in Nevada intend to make use of factual information that has been printed in the National and/or Nevada newspapers or information that has been published in the past and vetted since it was published." (*Id.*)

Implicit in Person A's written statement was his understanding that the $100,000 donation would be used for legitimate voter education. Whether the Ross Center was actually a qualified foundation under Section 501(c)(3), the people on the list would actually benefit from the materials, and the people in Nevada actually intended to use certain published and vetted information, was all beside the point. Indeed, the evidence at trial will show that Person A was deceived, that the money did not go to voter education for the people on the list, and that the Ross Center was essentially a shell organization that served the sole purpose of securing fraudulent donations. Because the letter is not offered for its literal truth, but instead to prove the truth of a relevant implied assertion—Person A's understanding about how the defendant would use his donation—the statement is not hearsay.

The letter is also not hearsay because, regardless of its truth, the letter shows the defendant's knowledge and awareness concerning Person A's intent for his donations. The defendant's awareness of Person A's wishes for his $100,000 donation puts in context the subsequent misappropriation of the donation, and undermines any claim by the defendant that he was free to spend the charitable donation however he wanted. Given this relevant non-hearsay purpose for admitting the letter, the statement is admissible.

Even if the letter is offered for the truth of the matter asserted, it is admissible under Rule 803(3) to show Person A's state of mind. First, the statement is "contemporaneous with the mental state sought to be proven." Weinstein's Federal Evidence § 803.05. Indeed, the relevant mental state for Person A was his belief, motive, and intent at the time his September 17, 2010, letter was drafted and transmitted to the defendant along with the $100,000 donation.[2] Second,

---

[2] The letter will be authenticated at trial through the testimony of Person A's office assistant.

there are "no suspicious circumstances suggesting a motive for the declarant to fabricate or misrepresent his or her thoughts," *id.*, particularly given that the statement was made nearly eight years ago—long before any fraud action was initiated or even contemplated. Third "[t]he declarant's state of mind [is] relevant to an issue in the case." *Id.* As one of the victims of the defendant's fraud scheme, Person A's belief, motive, and intent with respect to his donations are unquestionably relevant to assessing the materiality of the misrepresentations made to Person A and the subsequent misappropriation of his donations.

Finally, because the statement was not "'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial,'" *Melendez-Diaz*, 557 U.S. 305, 311 (2009) (quoting *Crawford*, 541 U.S. at 52), admitting the statement does not run afoul of the Confrontation Clause. Person A's correspondence is the equivalent of a casual remark to acquaintances, wholly unconnected to any actual or contemplated judicial proceeding. Far from constituting a solemn declaration against the defendant, Person A's correspondence from nearly eight years ago simply reflects his then-existing state of mind concerning his donations to the Ross Center. Because the statement is non-testimonial in nature, the Confrontation Clause imposes no barrier to its admission.

## CONCLUSION

For the foregoing reasons, the Court should find admissible Person A's written statement.

Dated: March 6, 2018                                    Respectfully submitted,

RYAN K. PATRICK                                         ANNALOU TIROL
United States Attorney                                  Acting Chief, Public Integrity Section

Melissa Annis                                           Ryan J. Ellersick
Assistant United States Attorney                        Robert J. Heberle
                                                        Trial Attorneys

                                                         /s/ *Ryan J. Ellersick*
                                                        Ryan J. Ellersick
                                                        Trial Attorney
                                                        Public Integrity Section
                                                        Criminal Division
                                                        United States Department of Justice
                                                        1400 New York Avenue NW
                                                        Washington, DC 20530
                                                        Telephone: (202) 514-1412
                                                        E-mail: ryan.ellersick2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on March 6, 2018, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause a true and accurate copy to be sent to counsel of record for defendant Stockman.

/s/ *Ryan J. Ellersick*
Ryan J. Ellersick

## **CERTIFICATE OF CONFERENCE**

Counsel for defendant Stockman was contacted on March 5, 2018, to obtain counsel's position on the government's motion. Counsel stated that he is opposed to the motion.

/s/ *Ryan J. Ellersick*
Ryan J. Ellersick