IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | 4:17-cr-116 (2) |
| | § | (Hon. Lee H. Rosenthal) |
| STEPHEN STOCKMAN | § | |

**DEFENDANT STOCKMAN'S PROPOSED
JURY INSTRUCTIONS**

TO THE HONORABLE LEE ROSENTHAL, UNITED STATES DISTRICT JUDGE FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:

COMES NOW, STEPHEN STOCKMAN, defendant in the above-entitled and numbered

cause, by and through his attorneys of record, SEAN BUCKLEY and GARY TABAKMAN, files

these proposed jury instructions from the Fifth Circuit Pattern Jury Instructions.

I. GENERAL AND PRELIMINARY INSTRUCTIONS:

1.01  PRELIMINARY INSTRUCTIONS:

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you
in your participation in the trial.

Duty of the jury:

It will be your duty to find from the evidence what the facts are. You and you alone will be
the judges of the facts. You will then have to apply to those facts the law as the court will
give it to you. You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or
should be taken by you as indicating, what your verdict should be.

Evidence:

The evidence from which you will find the facts will consist of the testimony of witnesses,
documents and other items received into the record as exhibits, and any facts that the lawyers

agree to or stipulate to or that the court may instruct you to find. Certain things are not evidence and must not be considered by you. I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

Rules for criminal cases:

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

*First:* the defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

*Second:* the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify. Since the defendant has the absolute right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third:* the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

## Summary of applicable law:

In this case the defendant is charged in:

Counts 1-8: Mail and Wire Fraud pursuant to 18 U.S.C. §§ 1341, 1343, and 2,

Count 9: Conspiracy to Make Conduit Contributions and False Statements, pursuant to 18 U.S.C § 371,

Counts 10-11: False Statements, pursuant to 18 U.S.C. § 1001(a)(2),

Count 12, Making Excessive Contributions, pursuant to 52 U.S.C. §§30116(a)(1)(A), 30116(a)(7)(B)(i), and 30109(d)(1)(A)(i) and 18 U.S.C § 2,

Count 13, Falsifying Statements, pursuant to 18 U.S.C § 1519,

Counts 14-26: Money Laundering, pursuant to 18 U.S.C. § 1957,

Count 27: Money Laundering, pursuant to 18 U.S.C. § 1956(a)(1)(B)(i), and

Count 28: Filing a False Return, pursuant to 26 U.S.C. § 7206(1).

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must prove beyond a reasonable doubt to make its case.

## Conduct of the jury:

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the

trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

<u>Course of the trial:</u>

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

1.02   NOTE-TAKING BY JURORS

You may *not* take notes during the course of the trial. There are several reasons for this. It is difficult to take notes and, at the same time, pay attention to what a witness is saying. Furthermore, in a group the size of yours, certain persons will take better notes than others,

and there is the risk that the jurors who do not take good notes will depend upon the jurors who do take good notes. The jury system depends upon all jurors paying close attention and arriving at a unanimous decision. I believe that the jury system works better when the jurors do not take notes.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## 1.03   INTRODUCTION TO FINAL INSTRUCTIONS

<u>Members of the Jury:</u>

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## 1.04   DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## 1.05   PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all *and no inference whatever may be drawn from the election of a defendant not to testify.* The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of

proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## 1.06 EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## 1.07 EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## 1.08 CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## 1.09 CHARACTER EVIDENCE

Where a defendant has offered evidence of good general reputation for [opinion testimony concerning]: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since

you may think it improbable that a person of good character with respect to those traits would commit such a crime.

## 1.10 IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## 1.15 ACCOMPLICE—CO-DEFENDANT—PLEA AGREEMENT

In this case the government called as one of its witnesses an alleged accomplice, named as a co-defendant in the indictment, with whom the government has entered into a plea agreement. This agreement provides for (e.g., the dismissal of some charges and a binding [non-binding] recommendation for a favorable sentence). Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

## 1.18A VENUE—CONSPIRACY

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Southern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district. An overt act is an act performed to effect the object of a conspiracy, although

it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Southern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that _____ is located in the Southern District of Texas.

## 1.19 CAUTION – CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## 1.20 CAUTION—PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## 1.24 DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

## 1.37 "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## 1.43 SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

## 1.44 SUMMARIES AND CHARTS RECEIVED IN EVIDENCE

Certain charts and summaries have been received into evidence. You should give them only such weight as you think they deserve.

## II. SUBSTANTIVE OFFENSE INSTRUCTIONS

### *COUNT 1*

## 2.56 MAIL FRAUD MONEY/PROPERTY OR HONEST SERVICES 18 U.S.C. § 1341 and 2

Title 18, United States Code, Section 1341, makes it a crime for anyone to use the mails in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That on or about January 24, 2013, the defendant knowingly devised a scheme to defraud, that is: obtain money by materially false or fraudulent pretenses, or promises.

Second: That the scheme to defraud employed false material representations.

Third: That the defendant knowingly caused to be delivered by mail a check in the amount of $350,000.00 from Foundation B, containing a memo line, "2013 Charitable Contribution," and made payable to Life Without Limits, all for the purpose of executing such scheme or attempting so to do; and

Fourth: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation [pretense] [promise] is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation [pre-tense] [promise] would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation [pretense] [promise] is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the mailed material [material sent by private or commercial interstate carrier] was itself false or fraudulent, or that the use of the mail [a private or commercial interstate carrier] was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the mails [private or commercial interstate carrier] was closely related to the scheme because the defendant either mailed something or caused it to be mailed [defendant either sent or delivered something or caused it to be sent or delivered by a private or commercial interstate carrier] in an attempt to execute or carry out the scheme.

The alleged scheme need not actually have succeeded in defrauding anyone.

To "cause" the mails [private or commercial interstate carrier] to be used is to do an act with knowledge that the use of the mails [private or commercial interstate carrier] will follow in the ordinary course of business or where such use can reasonably be foreseen

even though the defendant did not intend or request the mails [private or commercial interstate carrier] to be used.

Each separate use of the mails [a private or commercial interstate carrier] in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

## COUNT 2

### 2.56 MAIL FRAUD MONEY/PROPERTY OR HONEST SERVICES 18 U.S.C. § 1341 and 2

Title 18, United States Code, Section 1341, makes it a crime for anyone to use the mails in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That on or about April 11, 2012, the defendant knowingly devised a scheme to defraud, that is: obtain money by materially false or fraudulent pretenses, or promises.

Second: That the scheme to defraud employed false material representations.

Third: That the defendant knowingly caused to be delivered by mail a check in the amount of $15,000.00 from Foundation A1, and made payable to Life Without Limits, all for the purpose of executing such scheme or attempting so to do; and

Fourth: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation [pretense] [promise] is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation [pre-tense] [promise] would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation [pretense] [promise] is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme

to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the mailed material [material sent by private or commercial interstate carrier] was itself false or fraudulent, or that the use of the mail [a private or commercial interstate carrier] was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the mails [private or commercial interstate carrier] was closely related to the scheme because the defendant either mailed something or caused it to be mailed [defendant either sent or delivered something or caused it to be sent or delivered by a private or commercial interstate carrier] in an attempt to execute or carry out the scheme.

The alleged scheme need not actually have succeeded in defrauding anyone.

To "cause" the mails [private or commercial interstate carrier] to be used is to do an act with knowledge that the use of the mails [private or commercial interstate carrier] will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intend or request the mails [private or commercial interstate carrier] to be used.

Each separate use of the mails [a private or commercial interstate carrier] in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

## *COUNT 3*

## 2.56 MAIL FRAUD MONEY/PROPERTY OR HONEST SERVICES 18 U.S.C. § 1341 and 2

Title 18, United States Code, Section 1341, makes it a crime for anyone to use the mails in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That on or about February 17, 2014, the defendant knowingly devised a scheme to defraud, that is: obtain money by materially false or fraudulent pretenses, or promises.

Second: That the scheme to defraud employed false material representations.

Third: That the defendant knowingly caused to be delivered by mail a Letter from head of direct-mail company to Person B dated February 16, 2014; all for the purpose of executing such scheme or attempting so to do; and

Fourth: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation [pretense] [promise] is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation [pre-tense] [promise] would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation [pretense] [promise] is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the mailed material [material sent by private or commercial interstate carrier] was itself false or fraudulent, or that the use of the mail [a private or commercial interstate carrier] was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the mails [private or commercial interstate carrier] was closely related to the scheme because the defendant either mailed something or caused it to be mailed [defendant either sent or delivered something or caused it to be sent or delivered by a private or commercial interstate carrier] in an attempt to execute or carry out the scheme.

The alleged scheme need not actually have succeeded in defrauding anyone.

To "cause" the mails [private or commercial interstate carrier] to be used is to do an act with knowledge that the use of the mails [private or commercial interstate carrier] will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intend or request the mails [private or commercial interstate carrier] to be used.

Each separate use of the mails [a private or commercial interstate carrier] in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

*COUNT 4*

Title 18, United States Code, Section 1341, makes it a crime for anyone to use the mails in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That on or about January 24, 2013, the defendant knowingly devised a scheme to defraud, that is: obtain money by materially false or fraudulent pretenses, or promises.

Second: That the scheme to defraud employed false material representations.

Third: That the defendant knowingly caused to be delivered by mail a check in the amount of $450,571.65 check from Person B dated February 18, 2014, and made payable to US postmaster, all for the purpose of executing such scheme or attempting so to do; and

Fourth: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation [pretense] [promise] is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation [pre-tense] [promise] would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation [pretense] [promise] is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the mailed material [material sent by private or commercial interstate carrier] was itself false or fraudulent, or that the use of the mail [a private or commercial interstate carrier] was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the mails [private or commercial interstate carrier] was closely related to the scheme because the defendant either mailed something or caused it

to be mailed [defendant either sent or delivered something or caused it to be sent or delivered by a private or commercial interstate carrier] in an attempt to execute or carry out the scheme.

The alleged scheme need not actually have succeeded in defrauding anyone.

To "cause" the mails [private or commercial interstate carrier] to be used is to do an act with knowledge that the use of the mails [private or commercial interstate carrier] will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intend or request the mails [private or commercial interstate carrier] to be used.

Each separate use of the mails [a private or commercial interstate carrier] in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

## *COUNT 5*

## 2.57 WIRE FRAUD; MONEY/PROPERTY OR HONEST SERVICES 18 U.S.C. § 1343 and 2

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate [foreign] wire [radio] [television] communications in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly devised or intended to devise any scheme to defraud, that is obtain money by materially false or fraudulent pretense, representations, or promises.

Second: That the scheme to defraud employed false material representations false material promises;

Third: That the defendant transmitted [caused to be transmitted] by way of wire [radio] [television] communications, in interstate [foreign] commerce, any writing [sign] [signal] [picture] [sound] for the purpose of executing such scheme; specifically, an Email from Stockman to Person A's assistant closing letter to Person A and IRS letter to Life Without Limits, and

Fourth: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation [pretense] [promise] is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation [pre-tense] [promise] would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation [pretense] [promise] is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire [radio] [television] communications was itself false or fraudulent, or that the use of the interstate [foreign] wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate [foreign] wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate [foreign] commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate [foreign] wire [radio] [television] communications facilities to be used is to do an act with knowledge that the use of the wire [radio] [television] communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate [foreign] wire [radio] [television] communications facilities in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

## COUNT 6

2.57 WIRE FRAUD; MONEY/PROPERTY OR HONEST SERVICES 18 U.S.C. § 1343 and 2

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate [foreign] wire [radio] [television] communications in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly devised or intended to devise any scheme to defraud, that is obtain money by materially false or fraudulent pretense, representations, or promises.

Second: That the scheme to defraud employed false material representations false material promises;

Third: That the defendant transmitted [caused to be transmitted] by way of wire [radio] [television] communications, in interstate [foreign] commerce, any writing [sign] [signal] [picture] [sound] for the purpose of executing such scheme; specifically, an Email from Stockman to Dodd with subject line "stan," and

Fourth: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation [pretense] [promise] is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation [pre-tense] [promise] would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation [pretense] [promise] is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire [radio] [television] communications was itself false or fraudulent, or that the use of the interstate [foreign] wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate [foreign] wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate [foreign] commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate [foreign] wire [radio] [television] communications facilities to be used is to do an act with knowledge that the use of the wire [radio] [television] communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate [foreign] wire [radio] [television] communications facilities in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

## COUNT 7

### 2.57 WIRE FRAUD; MONEY/PROPERTY OR HONEST SERVICES 18 U.S.C. § 1343 and 2

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate [foreign] wire [radio] [television] communications in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly devised or intended to devise any scheme to defraud, that is obtain money by materially false or fraudulent pretense, representations, or promises.

Second: That the scheme to defraud employed false material representations false material promises;

Third: That the defendant transmitted [caused to be transmitted] by way of wire [radio] [television] communications, in interstate [foreign] commerce, any writing [sign] [signal] [picture] [sound] for the purpose of executing such scheme; specifically, a $100,000.00 wire transfer from Foundation A to Steve Stockman dba Life Without Limits, and

Fourth: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation [pretense] [promise] is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation [pre-tense] [promise] would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation [pretense] [promise] is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire [radio] [television] communications was itself false or fraudulent, or that the use of the interstate [foreign] wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate [foreign] wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate [foreign] commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate [foreign] wire [radio] [television] communications facilities to be used is to do an act with knowledge that the use of the wire [radio] [television] communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate [foreign] wire [radio] [television] communications facilities in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

## COUNT 8

2.57 WIRE FRAUD; MONEY/PROPERTY OR HONEST SERVICES 18 U.S.C. § 1343 and 2

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate [foreign] wire [radio] [television] communications in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly devised or intended to devise any scheme to defraud, that is obtain money by materially false or fraudulent pretense, representations, or promises.

Second: That the scheme to defraud employed false material representations false material promises;

Third: That the defendant transmitted [caused to be transmitted] by way of wire [radio] [television] communications, in interstate [foreign] commerce, any writing [sign] [signal] [picture] [sound] for the purpose of executing such scheme; specifically, an Email from Posey to Person B's accountant attaching a letter concerning $350,000.00 donation, and

Fourth: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation [pretense] [promise] is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation [pre-tense] [promise] would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation [pretense] [promise] is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire [radio] [television] communications was itself false or fraudulent, or that the use of the interstate [foreign] wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate [foreign] wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate [foreign] commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate [foreign] wire [radio] [television] communications facilities to be used is to do an act with knowledge that the use of the wire [radio] [television] communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate [foreign] wire [radio] [television] communications facilities in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

## COUNT 9

2.15A CONSPIRACY TO COMMIT OFFENSE 18 U.S.C. § 371

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States.

The defendant is charged with conspiring to knowingly make contributions to a candidate for federal office in the names of other persons, aggregating to more than $10,000.00 in a calendar year, and to knowingly make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of The Federal Election Commission, a department or agency of the United States Government.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant and at least one other person made an agreement to commit the crime of contributions in the name of another prohibited and knowing and willfully made a materially false, fictitious, or fraudulent statement or representation, as charged in the indictment;

Second: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

Third: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.

Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

## COUNT 10

2.45 FALSE STATEMENTS TO FEDERAL AGENCIES AND AGENTS 18 U.S.C. § 1001(a)(2) and (a)(3)

Title 18, United States Code, Section 1001, makes it a crime for anyone to knowingly and willfully make a false or fraudulent statement in any matter within the jurisdiction of the executive, legislative, or judicial branch of the government of the United States.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That On or about October 16, 2013, the defendant made a false statement [made or used any false writing or document] to the Federal Exchange Commission regarding a matter within its jurisdiction;

Second: That the defendant made the statement intentionally, knowing that it was false [knowing the same contained a false, fictitious, or fraudulent statement or entry]; specifically that defendant caused Stockman's congressional campaign committee to file a materially false amended quarterly report with the Federal Election Commission.

Third: That the statement was material [the false, fictitious, or fraudulent statement or entry was material]; and

Fourth: That the defendant made the false statement for the purpose of misleading the Federal Exchange Commission.

A statement is material if it has a natural tendency to influence, or is capable of influencing, a decision of the Federal Exchange Commission.

It is not necessary to show that the Federal Exchange Commission was in fact misled.

## COUNT 11

## 2.45 FALSE STATEMENTS TO FEDERAL AGENCIES AND AGENTS 18 U.S.C. § 1001(a)(2) and (a)(3)

Title 18, United States Code, Section 1001, makes it a crime for anyone to knowingly and willfully make a false or fraudulent statement in any matter within the jurisdiction of the executive, legislative, or judicial branch of the government of the United States.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That On or about October 19, 2013, the defendant made a false statement [made or used any false writing or document] to the Federal Exchange Commission regarding a matter within its jurisdiction;

Second: That the defendant made the statement intentionally, knowing that it was false [knowing the same contained a false, fictitious, or fraudulent statement or entry]; specifically, that defendant caused Stockman's congressional campaign committee to file a materially false amended quarterly report with the Federal Election Commission.

Third: That the statement was material [the false, fictitious, or fraudulent statement or entry was material]; and

Fourth: That the defendant made the false statement for the purpose of misleading the Federal Exchange Commission.

A statement is material if it has a natural tendency to influence, or is capable of influencing, a decision of the Federal Exchange Commission.

It is not necessary to show that the Federal Exchange Commission was in fact misled.

## *COUNT 12*

MAKING EXCESSIVE CAMPAIGN CONTRIBUTIONS, pursuant to 52 U.S.C. §§ 30116(a)(1)(A), 30116(a)(7)(B)(i), and 30109(d)(1)(i)

Title 52, United States Code, Section 30116(a)(1)(A), makes it a crime for anyone to knowingly and willfully make excessive contributions to a candidate and their authorized political committees.

The defendant is charged with making excessive contributions to Stephen Stockman's Senate campaign as alleged in the indictment.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant directly or indirectly made and caused to be made contributions to Stephen Stockman's Senate campaign committee;

*Second*: That the contributions aggregated $25,000 or more;

*Third*: That the contributions were made in calendar year 2014; and

*Fourth*: That the defendant knowingly and willfully made or caused the contributions to be made.

[The term "contribution" includes expenditures made by any person in cooperation, consultation, or concert, with, or at the request or suggestion of, a candidate, his authorized political committees, or their agents.]

## COUNT 13

2.65 DESTROYING, ALTERING, OR FALSIFYING A DOCUMENT IN A FEDERAL INVESTIGATION 18 U.S.C. § 1519

Title 18, United States Code, Section 1519 makes it a crime for anyone to knowingly alter [destroy] [mutilate] [conceal] [cover up] [falsify] [make a false entry in] a record [document] [tangible object] with the intent to impede [obstruct] [influence] the investigation of [the proper administration of] a matter within the jurisdiction of any department or agency of the United States or any case led under title 11, or in relation to [in contemplation of] such a matter.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly altered [destroyed] [mutilated] [concealed] [covered up] [falsified] [made a false entry in] a record [document] [tangible object]; specifically, falsely swearing in an affidavit that the "newspaper" mailed by Center for the American Future in connection with Stockman's 2014 Senate campaign was not produced in cooperation, consultation, or concert with Stockman.

Second: That the defendant acted with the intent to impede [obstruct] [influence] the investigation [the proper administration of] in relation to [in contemplation of] a matter; and

Third: That the matter was within the jurisdiction of the Federal Election Commision, which is an agency [a department] of the United States.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

In order to meet its burden, the government does not have to prove that the defendant specifically knew that the matter or investigation was within the jurisdiction of a department or agency of the United States. In other words, you need not find that the defendant knew he was obstructing [impeding] [influencing] a matter that was federal in nature.

A "tangible object" is one used to record or preserve information.

## COUNT 14

## 2.77 ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY 18 U.S.C. § 1957

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: that on or about July 3, 2012, the defendant knowingly engaged [attempted to engage] in a monetary transaction, specifically, the transfer of $15,000.00 from Life Without Limits Wells Fargo Bank Acct xxx2178 to Friends of Steve Stockman Wells Fargo Acct xxx2171;

Second: that the monetary transaction was of a value greater than $10,000;

Third: that the monetary transaction involved criminally derived property;

Fourth: that criminally derived property was derived from specified unlawful activity;

Fifth: that the defendant knew that the monetary transaction involved criminally derived property; and

Sixth: that the monetary transaction took place within the United States [the special maritime and territorial jurisdiction of the United States.]

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

## COUNT 15

**2.77 ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY 18 U.S.C. § 1957**

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: that on or about July 24, 2012, the defendant knowingly engaged [attempted to engage] in a monetary transaction, specifically, the transfer of $27,000.00 from Life Without Limits Wells Fargo Bank Acct xxx2178 to Friends of Steve Stockman Wells Fargo Acct xxx2171;

Second: that the monetary transaction was of a value greater than $10,000;

Third: that the monetary transaction involved criminally derived property;

Fourth: that criminally derived property was derived from specified unlawful activity;

Fifth: that the defendant knew that the monetary transaction involved criminally derived property; and

Sixth: that the monetary transaction took place within the United States [the special maritime and territorial jurisdiction of the United States.]

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

## COUNT 16

**2.77 ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY 18 U.S.C. § 1957**

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: that on or about February 12, 2013, the defendant knowingly engaged [attempted to engage] in a monetary transaction, specifically, the deposit of Life Without Limits check #3001 drawn on the Wells Fargo Bank Account xxx2178 in the amount of $13,000.00 in to the Community Bank of Texas;

Second: that the monetary transaction was of a value greater than $10,000;

Third: that the monetary transaction involved criminally derived property;

Fourth: that criminally derived property was derived from specified unlawful activity;

Fifth: that the defendant knew that the monetary transaction involved criminally derived property; and

Sixth: that the monetary transaction took place within the United States [the special maritime and territorial jurisdiction of the United States.]

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

## *COUNT 17*

## 2.77 ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY 18 U.S.C. § 1957

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: that on or about February 12, 2013, the defendant knowingly engaged [attempted to engage] in a monetary transaction, specifically, the deposit of Life Without Limits check #3002 drawn on the Wells Fargo Bank Account xxx2178 in the amount of $13,000.00 in to the Community Bank of Texas;

Second: that the monetary transaction was of a value greater than $10,000;

Third: that the monetary transaction involved criminally derived property;

Fourth: that criminally derived property was derived from specified unlawful activity;

Fifth: that the defendant knew that the monetary transaction involved criminally derived property; and

Sixth: that the monetary transaction took place within the United States [the special maritime and territorial jurisdiction of the United States.]

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

## COUNT 18

2.77 ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY 18 U.S.C. § 1957

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: that on or about February 19, 2013, the defendant knowingly engaged [attempted to engage] in a monetary transaction, specifically, the transfer of $65,000.00 from Life Without Limits Wells Fargo Bank Acct xxx2178 to Life Without Limits Wells Fargo Acct xxx5346;

Second: that the monetary transaction was of a value greater than $10,000;

Third: that the monetary transaction involved criminally derived property;

Fourth: that criminally derived property was derived from specified unlawful activity;

Fifth: that the defendant knew that the monetary transaction involved criminally derived property; and

Sixth: that the monetary transaction took place within the United States [the special maritime and territorial jurisdiction of the United States.]

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

## *COUNT 19*

2.77 ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY 18 U.S.C. § 1957

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: that on or about October 16, 2013 the defendant knowingly engaged [attempted to engage] in a monetary transaction, specifically, the deposit of $11,000.00 cashier's check from Wells Fargo Bank into and account at Texas First Bank;

Second: that the monetary transaction was of a value greater than $10,000;

Third: that the monetary transaction involved criminally derived property;

Fourth: that criminally derived property was derived from specified unlawful activity;

Fifth: that the defendant knew that the monetary transaction involved criminally derived property; and

Sixth: that the monetary transaction took place within the United States [the special maritime and territorial jurisdiction of the United States.]

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove,

however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

## COUNT 20

### 2.77 ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY 18 U.S.C. § 1957

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: that on or about January 31, 2014, the defendant knowingly engaged [attempted to engage] in a monetary transaction, specifically, the deposit of $57,356.65 into Wells Fargo Bank acct xxx3556, which was part of the proceeds of Life Without Limits check #1024 drawn on Wells Fargo acct xxx2178;

Second: that the monetary transaction was of a value greater than $10,000;

Third: that the monetary transaction involved criminally derived property;

Fourth: that criminally derived property was derived from specified unlawful activity;

Fifth: that the defendant knew that the monetary transaction involved criminally derived property; and

Sixth: that the monetary transaction took place within the United States [the special maritime and territorial jurisdiction of the United States.]

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

## COUNT 21

### 2.77 ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY 18 U.S.C. § 1957

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: that on or about January 31, 2014, the defendant knowingly engaged [attempted to engage] in a monetary transaction, specifically, the deposit of $57,356.65 into Wells Fargo Bank acct xxx7634, which was part of the proceeds of Life Without Limits check #1024 drawn on Wells Fargo acct xxx2178;

Second: that the monetary transaction was of a value greater than $10,000;

Third: that the monetary transaction involved criminally derived property;

Fourth: that criminally derived property was derived from specified unlawful activity;

Fifth: that the defendant knew that the monetary transaction involved criminally derived property; and

Sixth: that the monetary transaction took place within the United States [the special maritime and territorial jurisdiction of the United States.]

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

*COUNT 22*

2.77 ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY 18 U.S.C. § 1957

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: that on or about March 14, 2014, the defendant knowingly engaged [attempted to engage] in a monetary transaction, specifically, the deposit of Amegy Bank Check 022304 in the amount of $214,718.51 into Bank of America acct xxx7956 held in the name Center for the American Future, Inc.

Second: that the monetary transaction was of a value greater than $10,000;

Third: that the monetary transaction involved criminally derived property;

Fourth: that criminally derived property was derived from specified unlawful activity;

Fifth: that the defendant knew that the monetary transaction involved criminally derived property; and

Sixth: that the monetary transaction took place within the United States [the special maritime and territorial jurisdiction of the United States.]

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

## COUNT 24

2.77 ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY 18 U.S.C. § 1957

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: that on or about March 24, 2014, the defendant knowingly engaged [attempted to engage] in a monetary transaction, specifically, the withdrawal of $17,010.00 from Center for the American Future, Inc's Bank of America acct xxx7956 to purchase cashiers check in the amount of $17,000.00.

Second: that the monetary transaction was of a value greater than $10,000;

Third: that the monetary transaction involved criminally derived property;

Fourth: that criminally derived property was derived from specified unlawful activity;

Fifth: that the defendant knew that the monetary transaction involved criminally derived property; and

Sixth: that the monetary transaction took place within the United States [the special maritime and territorial jurisdiction of the United States.]

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

## COUNT 27

2.76A LAUNDERING OF MONETARY INSTRUMENTS—PROCEEDS OF UNLAWFUL ACTIVITY 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i)

Title 18, United States Code, Section 1956(a)(1), makes it a crime for anyone to conduct [attempt to conduct] a financial transaction with the proceeds of specified unlawful activity, knowing that the property involved represents the proceeds of some form of illegal activity with the intent to promote the carrying on of specified unlawful activity [knowing that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity].

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That on or about March 24, 2014, the defendant knowingly conducted [attempted to conduct] a financial transaction, specifically, a deposit into Steve Stockman for Senate Bank of America acct xxx9516 cashier's check 1055400159 payable in the amount of $17,000.

Second: That the financial transaction [attempted financial transaction] involved the proceeds of a specified unlawful activity, namely, Mail Fraud, a violation of 18 U.S.C. §1341;

Third: That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

Fourth: That the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

With respect to the second element, the government must show that, in fact, the property was the proceeds of mail fraud, which is a specified unlawful activity under the statute.

With respect to the third element, the government must prove that the defendant knew that the property involved in the transaction were the proceeds of some kind of crime that is a felony under federal, state, or foreign law; although, it is not necessary to show that the defendant knew exactly what crime generated the funds. I instruct you that ___ is a felony.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition [with respect to a financial institution, a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument] [any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected].

The term "financial transaction" includes any "transaction," as that term has just been defined, [choose the first or second option below:

1. which in any way or degree affects interstate or foreign commerce, involving the movement of funds by wire or other means, one or more monetary instruments, or the transfer of title to any real property, vehicle, vessel, or aircraft; or

2. which involves the use of a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.]

[If necessary, include the definition of "monetary instruments," 18 U.S.C. § 1956(c)(5), or "financial institutions," 18 U.S.C. § 1956(c)(6).]

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by his actions or that commerce was actually affected. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

## COUNT 28

2.102A FALSE STATEMENTS ON INCOME TAX RETURN 26 U.S.C. § 7206(1)

Title 26, United States Code, Section 7206(1), makes it a crime for anyone willfully to make a false material statement on an income tax return.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant signed an income tax return that contained a written declaration that it was made under penalties of perjury;

Second: That in this return the defendant falsely stated that his total income in Line 22 of Form 1040 as $269,105.00;

Third: That the defendant knew the statement was false;

Fourth: That the false statement was material; and

Fifth: That the defendant made the statement willfully, that is, with intent to violate a known legal duty.

A statement is "material" if it has a natural tendency to influence, or is capable of influencing, the Internal Revenue Service in investigating or auditing a tax return or in verifying or monitoring the reporting of income by a taxpayer.

Respectfully submitted,

/s/ Sean Buckley
Sean Buckley
770 S. Post Oak Ln., Ste. 620
Houston, Texas 77056
TEL: 713-380-1220
FAX: 713-552-0746
buckleyfirm@gmail.com
State Bar No. 24006675

/s/ Gary Tabakman
Gary Tabakman
JP Morgan Chase Building
712 Main Street, Suite 2400
Houston, Texas 77002
TEL: 713-228-8500
FAX: 713-228-0034
gary@bdslawfirm.com
State Bar No. 24076065

## **CERTIFICATE OF SERVICE**

I certify that on March 9, 2018 I provided a copy of this Requested Charge to counsel for the United States, and all parties, via the ECF system.

/s/ Sean Buckley
Sean Buckley