IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | 4:17-cr-116 (2) |
| | § | (Hon. Lee H. Rosenthal) |
| STEPHEN STOCKMAN | § | |

**STOCKMAN'S RESPONSE TO THE UNITED STATES'
MOTION TO ADMIT WRITTEN STATEMENT**

COMES NOW STEPHEN STOCKMAN, DEFENDANT, through counsel Sean Buckley and Gary Tabakman, and files this Response to the United States' Motion to Admit Written Statement.

**1.   The statement.**

The Government seeks to admit the following statement, which Person A allegedly wrote in a letter to Stockman and defendant Thomas Dodd in connection with one of Person A's donations to the Ross Center:

Dear Steve and Tom,

> Enclosed is a check to the Ross Center for $100,000, as I understand that it is a qualified foundation under Section 501C3 [sic] of the Internal Revenue Code, so this is a contribution to them.
>
> I have appended a list of people who may benefit if material gets to people who could be supporters of their policies or philosophies.
>
> In one instance, I hope to learn whether the people in Nevada intend to make use of factual information that has been printed in the National and/or Nevada newspapers or information that has been published in the past and vetted since it was published.
>
> Kindest Regards,

[Person A]

The Government argues that this statement is (1) not hearsay because it is not being offered for the truth of the matter asserted, and even if it was, the statement would fall within the "then-existing state of mind" hearsay exception, (2) probative of Defendant's knowledge and awareness of the terms of Person A's donation, and (3) non-testimonial.

Defendant Stockman objects to admission of the statement, as it fails on each of the above grounds.

1. **The statement is hearsay because it is offered for the truth of several matters asserted.**

A statement is not hearsay if it is not offered for the truth of the matter(s) asserted. *United States v. Vizcarra-Porras,* 889 F.2d 1435, 1439 (5th Cir. 1989). However, the letter being offered by the Government is clearly being offered for the truth of various matters asserted within. For example:

   a. The letter states, "Enclosed is a check to the Ross Center for $100,000 . . ." This statement asserts that the contents of the letter bears a direct connection to a particular donation by Person A. Without establishing a relationship between the contents of the letter and Person A's making of the donation, the letter would have no relevance to that donation or any other donation. In other words, the letter has no relevance unless the reader accepts the truth of the statement, "Enclosed is a check to the Ross Center for $100,000 . . ."

   b. The letter contains the statement, "I have appended a list of people who may benefit if material gets to people who could be supporters of their policies or

        philosophies." This statement is clearly being offered to support (i) the truth of Person A's claim that he attached a list of people he seeks to help, and (ii) the truth of the implied but ambiguous nexus — if any — between the contents of the attached list and the understanding underlying this particular donation or any other donation.

    c.    The letter contains the statement, " . . . as I understand that it is a qualified foundation under 501C3 [sic] of the Internal Revenue code." This statement is clearly being offered for the truth of Person A's belief that his donation was being made to a 501(c)(3) nonprofit entity.

The letter contains hearsay and therefore should not be admitted on the grounds that it is not being offered for the truth of any matter asserted within.

**2.**    **The hearsay statement is not admissible as a statement of the declarant's then-existing state of mind because it is not relevant to any count charged in the Indictment.**

No charged count in the Indictment alleges fraud with respect to any $100,000 donation made from Person A. As Stockman has previously complained in his Motion to Strike Surplusage [Doc. 96], the Indictment contains accusations of uncharged conduct with respect to Person A under the guise of alleging an overarching scheme to defraud, but in reality, for the calculated purpose of circumventing the requirements of 404(b).

Person A's statement in the letter sought to be admitted by the Government is not intrinsic to any Count in the Indictment, has not been noticed by the Government as 404(b) evidence, and pertains only to material in the Indictment that Stockman respectfully maintains should be struck as prejudicial surplusage. *See* Doc. 96.

3

**3. The hearsay statement would not be admissible as a statement of the declarant's then-existing state of mind without first establishing an evidentiary predicate tying Person A's state of mind to Stockman's conduct.**

Before a hearsay statement can be admitted under 803(3) to show the declarant's then-existing state of mind, the declarant's state of mind must be a relevant issue in the case. *Prather v. Prather*, 650 F.2d 88, 90 (5th Cir. 1981). Person A's state of mind with respect to the $100,000 donation referenced in the letter is only relevant if an evidentiary predicate is established tying that state of mind to Stockman's conduct.

If the Court determines that Person A's statement is prospectively admissible, Defendant requests an order *in limine* preventing the Government from mentioning or attempting to offer into evidence Person A's statement until and unless a proper predicate has been established.

**4. The hearsay statement would not be admissible to show Stockman's knowledge of it without first establishing an evidentiary predicate that Stockman received the letter and read it.**

If the Government seeks to admit Person A's letter to "Steve and Tom, the Government must first lay an evidentiary predicate that Stockman received the letter and would have read it, in order to make it probative of Stockman's knowledge.

If, for example, the letter was received by "Tom," and Tom described the contents of the letter to "Steve" (presumably Stockman) without actually providing Stockman the letter itself, then the actual written statement would not be relevant; only Tom's description of it would be relevant to Stockman's knowledge.

**5.     The hearsay statement is not admissible under any exception because its substance is too vague and ambiguous to survive Rule 403 without allowing Stockman the right to confront and cross-examine the declarant — who is deceased.**

In this case, <u>if</u> the declarant had stated in the letter, "I am giving you the enclosed $100,000 check for the purpose of X, and I have attached a list explaining what 'X' entails," then the statement would be unambiguous and prospectively admissible under 803(3) upon a proper predicate. However, that is not what the declarant's statement says. The statement is vague and ambiguous as to the following:

a.   Does the entirety of the letter relate to the $100,000 donation?

b.   Does some portion of the letter relate to a separate donation?

c.   Does some portion of the letter relate to a separate topic of discussion (unrelated to any donations) between Person A and "Tom" and/or Stockman?

The vague and ambiguous nature of the letter's contents and context calls for exclusion under Rule 403, since any probative value is substantially outweighed by undue prejudice and confusion.

In *Petrocelli v. Gallison,* 679 F.2d 286, 292 (1st Cir. 1982), the First Circuit upheld exclusion of medical records evidence under Rule 403, stating that where an item is so ambiguous as to leave a jury with no clue as to how to evaluate it, a trial judge is entitled to exclude the evidence under Rule 403 on the ground that the danger of unfair prejudice from jury confusion substantially outweighs the probative value. The *Petrocelli* Court stated:

> Given the impossibility of determining from the records themselves whether these reports reflected medical judgments, and the lack of any corroborative

> evidence or testimony . . . to assure the court that these were professional opinions, the district court could reasonably determine that <u>the notations were simply too inscrutable to be admitted, bearing in mind that, if admitted . . . they would be admitted for their truth without any opportunity to cross-examine the physicians who made them.</u>

*Id.* at 291 (emphasis added); *see also, United States v. Wright,* 799 F.2d 423, 425 (8th Cir. 1986)(excluding under Rule 403 statement that was overly ambiguous and would require jury to speculate about meaning); *Wright v. Hartford Acc. & Indem. Co.*, 580 F.2d 809, 809 (5th Cir. 1978)("Because of the extremely complicated nature of defendant's question and the ambiguous answer, the trial judge may have concluded that the testimony should be excluded because its probative value was substantially outweighed by its danger of misleading the jury).

The District Court for the District of Connecticut addressed a similar issue in *United States v. Ferguson*, 246 F.R.D. 107 (D. Conn. 2007). In that case, the defendants objected to admission of the statement (relating to a discussion about the potential structure of a relevant entity), "Ferguson doesn't like it because it's AIG." 246 F.R.D. at 122. The District Court agreed with the defendants that the comment was inadmissible under Rule 403 because "the statement's precise meaning is ambiguous and is too general to be of significant probative value of any fact at issue in this case."[1] *Id.* at 122.

In *United States v. Rodriguez-Cabrera,* 35 F.Supp. 2d 181, 184 (D. Puerto Rico 1999), the District Court for the District of Puerto Rico excluded evidence that the

---

[1] The District Court also found that the statements risked unduly prejudicing one of the defendants because "it seems to imply that, for an unspecified reason, Ferguson finds dealing with AIG distasteful." *Id.* at 123.

defendant nodded in response to a statement by a federal agent informing the defendant of the subject of the investigation. The District Court explained:

> While Special Agent Johnson understood the nod to mean that Rodriguez-Cabrera had knowledge of the extortion money to which he referred, this is Johnson's subjective interpretation of the nod. There are many equally plausible explanations for Rodriguez-Cabrera's nod. Rodriguez-Cabrera could have meant the nod to communicate that he would cooperate during his arrest; that he acknowledged the agents' presence; or merely that he had heard what Special Agent Johnson had said in response to Rodriguez-Cabrera's question, "what is this about?" Simply put, the meaning of the nod is ambiguous and not sufficiently reliable to be admitted into evidence as a statement by Defendant. There is no question that the prejudice that would result from admission of the nod substantially outweighs probative value.

*Id.* at 184.

In this particular case, the Rule 403 analysis overlaps with Stockman's Sixth Amendment right to confront and cross-examine witnesses and his right to present a complete defense.

The right to confront and cross-examine witnesses is a fundamental right for every criminal defendant. *Davis v. Alaska,* 415 U.S. 308 (1974); *Pointer v. Texas,* 380 U.S. 400, 405 (1965).

Furthermore, Stockman has an overarching right to present a complete defense free from arbitrary restrictions on his right to confront and cross-examine witnesses against him. *Crane v. Kentucky,* 476 U.S. 683, 689-690 (1986)("Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'"); *Holmes v. South Carolina,* 541 U.S. 319, 324 (2006).

Because Person A's purported statement is vague and ambiguous, Stockman has a particularized interest in confronting and cross-examining Person A regarding the statement. Regrettably, Person A is deceased. Thus, admission of the statement would violate Stockman's Sixth Amendment right to confront and cross-examine Person A, as well as Stockman's right to present a complete defense.

**6.     Relief requested.**

Defendant Stockman respectfully requests that the Honorable Court DENY the Government's request to admit Person A's statement.

Respectfully submitted,

/s/ Sean Buckley
Sean Buckley
770 S. Post Oak Ln., Ste. 620
Houston, Texas  77056
TEL:  713-380-1220
FAX: 713-552-0746
buckleyfirm@gmail.com
State Bar No. 24006675

/s/ Gary Tabakman
Gary Tabakman
JP Morgan Chase Building
712 Main Street, Suite 2400
Houston, Texas 77002
TEL:  713-228-8500
FAX: 713-228-0034
gary@bdslawfirm.com
State Bar No. 24076065

## CERTIFICATE OF SERVICE

I certify that on this the 14th day of March, 2018 I provided a copy of this Response to the Government via email.

/s/ Sean Buckley
Sean Buckley