# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CRIMINAL NO. H-17-116-S** |
| | § | |
| **STEPHEN E. STOCKMAN** | § | |

## JURY INSTRUCTIONS

Members of the Jury:

You have now heard the evidence in the case. It is my duty to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions that apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific instructions on the law that

applies in this case. I will then give you final instructions explaining the procedures for you to follow in your deliberations.

## GENERAL INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you. You have no right to disregard, or give special attention to, any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. It is also your duty to base your verdict solely on the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The indictment, or formal charge, against a defendant is not evidence of guilt. Indeed, every defendant is presumed by the law to be innocent. Every defendant begins with a clean slate. The law does not require a defendant to prove his innocence or to produce any evidence at all, and no inference whatever may be drawn from the defendant's election not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the

government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" about the defendant's guilt.  A "reasonable doubt" is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act on it without hesitation in making the most important decisions on your own affairs.

As I told you earlier, it is your duty to determine the facts.  To do so, you must consider only the evidence presented during the trial.  Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits.  The questions, statements, objections, and arguments made by the lawyers are not evidence.  The function of the lawyers is to point out those things that are most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, it is your own recollection and interpretation of the evidence that controls in this case.  What the lawyers say is not binding on you.

During the trial, I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the

contents of an exhibit.    Do not consider any testimony or other evidence that was removed from your consideration in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I did or said during the trial that I have any opinion about any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I said during the trial in arriving at your own verdict.

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.   In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the evidence.  Do not be concerned about whether the evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that was presented to you.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or

circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job as jurors will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say and how important that testimony was.

In making that decision, I suggest that you ask yourself a few questions. Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of

what each witness said. When a defendant does not testify, you may not consider that fact for any purpose in your deliberations.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You must always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time, the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial. Except for some prior statements of Mr. Benjamin Wetmore, earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider these earlier statements to prove that the content of an earlier statement is true. Rather, you may use these earlier statements only to determine whether they are consistent or inconsistent with the witness's trial testimony and therefore whether they affect that witness's credibility. If you believe that a witness has been discredited in this

manner, it is your exclusive right to give that witness's testimony whatever weight you think it deserves.

You heard testimony from Mr. Thomas Dodd and Mr. Jason Posey, alleged accomplices, who pleaded guilty and entered into plea agreements with the government, providing the possibility of a more favorable sentence. An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. Such plea bargaining has been approved as lawful and proper, and is expressly provided for in the rules of this court. The testimony of such a witness must be examined and weighed by the jury with greater caution and care than the testimony of ordinary witnesses. You may not convict the defendant on the unsupported testimony of such a witness, unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a plea of guilty is not evidence of the guilt of another person.

You will note that the indictment charges that the offenses were committed on or about a specified date. The government does not have to prove that a crime was committed on the exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes alleged in the indictment reasonably near the dates stated in the indictment. Similarly, it does not matter if

the indictment charges that certain transactions involved specific amounts of money and the evidence shows that it was a different amount. The law requires only a substantial similarity between the amounts alleged in the indictment and the amounts established by the evidence.

If Mr. Stockman is found guilty, it is my duty to decide what the punishment will be. You may not be concerned with punishment in any way. It may not enter your consideration or discussion.

If you have taken notes, they should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely on your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

## SPECIFIC INSTRUCTIONS FOR THIS CASE

### Instructions that Apply to More Than One Count

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find Mr. Stockman guilty or not guilty as to one of the counts charged should not control your verdict as to others, unless you are otherwise instructed. Mr. Stockman is not on trial for any act, conduct, or offense not alleged in the indictment. You are not called on to decide the guilt of any person not on trial as a defendant in this case, except as you are otherwise instructed.

Certain charts and summaries were shown to you solely as an aid to help explain the facts disclosed by the evidence—the testimony and exhibits—in the case. These charts and summaries are not admitted into evidence and are not proof of any facts. You should determine the facts from the evidence that is admitted.

Other charts and summaries were received into evidence. They are government exhibits 47, 2010-1a through 2010-1k, 2012-1b through 2012-1d, 2012-2b through 2012-2e, 2012-3b through 2012-3e, 2012-4b through 2012-4g, 2012-4nn, 2013-1a through 2013-1d, 2013-3a, 2013-4a, 2013-8a, 2013-15w, 2014-1b through 2014-1g, 2014-1v, 2014-1w, 2014-7b, 2014-7e and 2014-7f. You should give these exhibits only such weight as you think they deserve, based on all the evidence in the case.

<u>Instructions on the Legal Definitions of Types of Nonprofit Organizations</u>

You have heard evidence regarding entities classified as nonprofit organizations. The Internal Revenue Code permits certain nonprofit organizations to be exempt from taxation. I will define those types of nonprofit organizations for you now.

A Section 501(c)(3) organization is a nonprofit corporation, fund, or foundation organized and operated exclusively for religious, charitable, scientific, or educational purposes. Section 501(c)(3) organizations are generally exempt from federal taxation, and donations to these entities may be tax-deductible. If an organization is classified as a Section 501(c)(3) organization, none of its net earnings may benefit any private shareholder or individual. A Section 501(c)(3) organization may not participate or intervene in any political campaign on behalf of, or opposition to, any candidate for public office.

A Section 501(c)(4) organization is a nonprofit organization operated exclusively for the promotion of social welfare. Section 501(c)(4) organizations are also generally exempt from federal taxation. A Section 501(c)(4) organization may compensate employees for work actually performed, but the net earnings of a Section 501(c)(4) organization must be devoted exclusively to charitable, educational, or recreational purposes. The net earnings of a Section 501(c)(4) organization may not benefit any private shareholder or individual.

## Definitions that Apply to Different Counts

"Knowingly," as used throughout these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

"Willfully," as used in the instructions related to Counts 10, 11, and 12, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is, with bad purpose either to disobey or disregard the law.

A "scheme to defraud," as used in Counts 1–8, means any plan, pattern, or course of action intended to deprive another of money.

A "specific intent to defraud," as used in Counts 1–8 means a conscious, knowing intent to deceive or cheat someone.

As used in Counts 1–11 and 28, a representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half-truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud. A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

<u>Instructions on Counts 1, 2, 3, and 4</u>

You are asked in Counts 1 through 4 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of mail fraud.

You are asked in Count 1 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of mail fraud, for causing a $350,000 check from Foundation B to be delivered by mail on or about January 24, 2013.

You are asked in Count 2 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of mail fraud, for causing a $15,000 check from Foundation A1 to be delivered by a private or commercial interstate carrier on or about April 11, 2012.

You are asked in Count 3 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of mail fraud, for causing a letter from a direct-mail company to be delivered by a private or commercial interstate carrier to Person B on or about February 17, 2014.

You are asked in Count 4 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of mail fraud, for causing a $450,571.65 check from Person B to be delivered by a private or commercial interstate carrier on or about February 18, 2014.

Federal law makes it a crime for anyone to use the mails or any private or commercial interstate carrier in carrying out a scheme to defraud.

For you to find Mr. Stockman guilty of one or more of these counts, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to that count:

*First*: That Mr. Stockman knowingly devised or intended to devise a scheme to defraud, that is a scheme to obtain money from individuals or charitable foundations based on false pretenses, representations, or promises;

*Second*: That the scheme to defraud employed false material representations, pretenses, or promises;

*Third*: That Mr. Stockman caused something to be delivered through the United States Postal Service in Count 1, or through a private or commercial interstate carrier in Counts 2 through 4, for the purpose of executing such scheme or attempting so to do; and

*Fourth*: That Mr. Stockman acted with a specific intent to defraud.

A "scheme to defraud," a "specific intent to defraud," a "false representation, pretense, or promise," and a "material representation, pretense, or promise," have the meanings set out on page 11 of these instructions.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be

proved beyond a reasonable doubt is that Mr. Stockman knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the mailed material or the material sent by private or commercial interstate carrier was itself false or fraudulent, or that the use of the mail or a private or commercial interstate carrier was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the mails or private or commercial interstate carrier was closely related to the scheme because Mr. Stockman either mailed something, or caused it to be mailed, or either sent or delivered something or caused it to be sent or delivered, by a private or commercial interstate carrier, in an attempt to execute or carry out the scheme. The alleged scheme need not actually have succeeded in defrauding anyone.

To "cause" the mails or private or commercial interstate carrier to be used is to do an act with knowledge that the use of the mails or private or commercial interstate carrier will follow in the ordinary course of business or when such use can reasonably be foreseen, even though the defendant did not intend or ask that the mails or private or commercial interstate carrier be used.

Each separate use of the mails or a private or commercial interstate carrier in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises is a separate offense.

## Instructions on Counts 5, 6, 7, and 8

You are asked in Counts 5 through 8 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of wire fraud.

You are asked in Count 5 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of wire fraud, for sending an email to Person A's assistant enclosing a letter to Person A and an IRS letter to Life Without Limits, on or about March 28, 2012.

You are asked in Count 6 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of wire fraud, for sending an email to Mr. Thomas Dodd with the subject line "stan," on or about May 13, 2012.

You are asked in Count 7 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of wire fraud, for causing the wire transfer of $100,000 from Foundation A to the Steve Stockman dba Life Without Limits account, on or about July 2, 2012.

You are asked in Count 8 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of wire fraud, for causing Mr. Jason Posey to send an email to Person B's accountant attaching a letter concerning the $350,000 donation, on or about May 13, 2014.

Federal law makes it a crime for anyone to use interstate wire communications in carrying out a scheme to defraud.

For you to find Mr. Stockman guilty of one or more of these counts, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to that count:

*First*: That Mr. Stockman knowingly devised or intended to devise any scheme to defraud, that is a scheme to obtain money from individuals or charitable foundations based on false representations, pretenses, or promises;

*Second*: That the scheme to defraud employed false material representations, pretenses, or promises;

*Third*: That Mr. Stockman transmitted or caused to be transmitted by way of wire communications, in interstate commerce, any writing, or signal for the purpose of executing such scheme; and

*Fourth*: That Mr. Stockman acted with a specific intent to defraud.

A "scheme to defraud," "specific intent to defraud," "false representation, pretense, or promise," and "material representation, pretense, or promise" have the meanings set out on page 11 of these instructions.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or

intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate commerce in an attempt to execute or carry out the scheme. The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud by means of false or fraudulent representations, pretenses, or promises constitutes a separate offense.

Instructions on the Federal Election Law that Applies to Counts 9 through 12

The Federal Election Campaign Act imposes reporting requirements and financial limits on the election campaigns for candidates for federal office, including the offices of member of the United States House of Representatives and United States Senator. The Election Act is administered by the Federal Election Commission, which is a department or agency within the Executive Branch of the United States government.

*Reporting Requirements*: Under the Election Act, campaign committees are required to file periodic reports of receipts and disbursements with the Federal Election Commission identifying, among other things, each person who made a contribution to the committee during the reporting period whose contribution or contributions had an aggregate amount or value of more than $200 within the calendar year, together with the date and the amount of the contribution.

*Financial Limits*: The Election Act limits the amount and sources of money that may be contributed to a federal candidate or a federal candidate's campaign committee, as follows:

1. In 2012, the Election Act limited campaign contributions to $2,500 from any one person to any one candidate or that candidate's campaign committee in each election, primary, run-off, and general.

2. In 2014, the Election Act limited campaign contributions to $2,600 from any one person to any one candidate or that candidate's campaign committee in each election, again, primary, run-off, and general.

3. The Election Act prohibits a person from making a contribution in the name of another person, including by giving funds to a straw donor or conduit for the purpose of having the straw donor or conduit pass the funds on to a federal candidate or to that candidate's campaign committee as his or her own contribution.

4. The Election Act prohibits corporations from making contributions to a federal candidate or that candidate's campaign committee.

The term "contribution" is defined under the Election Act as any gift, loan, or deposit of money, or anything of value, made by any person for the purpose of influencing any election for federal office. In addition, expenditures made by any person in cooperation, consultation, or concert, with, or at the request or suggestion of, a candidate, his authorized political committees, or their agents, are considered to be a contribution to the candidate.

<u>Instructions on Count 9</u>

You are asked in Count 9 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of conspiracy to make contributions to a candidate for federal office in the names of other persons, or to knowingly and willfully make materially false, fictitious, or fraudulent statements and representations in a matter within the jurisdiction of the Federal Election Commission, a department or agency of the United States government.

Federal law makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States. A conspiracy is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of partnership in crime, in which each member becomes the agent of every other member.

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count 9.

The government does not have to prove all of the objects or purposes of the alleged conspiracy for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one object or purpose is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you

must agree that the government proved beyond a reasonable doubt that Mr. Stockman agreed with another person to cause contributions in the name of other persons to be made to his campaign for a federal office. Or, all of you must agree that the government proved beyond a reasonable doubt that Mr. Stockman agreed with another person to make materially false, fictitious, or fraudulent statements or representations in a matter within the jurisdiction of the Federal Election Commission.

For you to find Mr. Stockman guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

> *First*: that Mr. Stockman and at least one other person made an agreement to commit the crime of making contributions to a candidate for federal office in the names of other persons or to knowingly and willfully make materially false, fictitious, or fraudulent statements and representations in a matter within the jurisdiction of the Federal Election Commission, as charged in the indictment.
>
> *Second*: that Mr. Stockman knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: that one of the conspirators during the existence of the conspiracy knowingly committed at least one of the following acts described in the indictment, in order to accomplish some object or purpose of the conspiracy:

a.      On or about February 10, 2013, Mr. Stockman caused the issuance of check # 1004 payable to Dodd & Associates in the amount of $12,000 from the "Steve Stockman dba Life Without Limits" account.

b.      On or about February 10, 2013, Mr. Stockman caused the issuance of check # 1007 payable to Mr. Posey in the amount of $12,500 from the "Steve Stockman dba Life Without Limits" account

c.      On or about February 11, 2013, Mr. Dodd deposited into Wells Fargo Bank account xxxx0475, check # 1004, drawn on the account "Steve Stockman dba Life Without Limits" payable to Dodd & Associates in the amount of $12,000.

d.      On or about February 11, 2013, Mr. Posey deposited in Bank of America account xxxx0954, check # 1007 drawn on the account "Steve Stockman dba Life Without Limits" payable to Mr. Posey in the amount of $12,500.

e.     On or about February 11, 2013, Mr. Dodd issued three checks drawn on Wells Fargo Bank account xxxx4963 each in the amount of $2,500 and payable to Mr. Stockman's principal campaign committee.

f.     On or about February 11, 2013, Mr. Posey issued three checks drawn of Bank of America account xxxx0954, each in the amount of $2,500 payable to Mr. Stockman's principal campaign committee.

g.     On or about February 12, 2013, Mr. Dodd transferred $8,000 from Wells Fargo Bank account xxxx0475 to Wells Fargo Bank account xxxx4963

h.     On or about February 12, 2013, Mr. Stockman and Mr. Posey caused the deposit of $15,000 into Wells Fargo Bank account xxx3374, the account of his principal campaign committee, which deposit was comprised of the six checks written to his campaign by Mr. Dodd and Mr. Posey.

i.     On or about March 27, 2013, Mr. Posey and Mr. Dodd exchanged emails with the Stockman campaign accountant about reporting their contributions in the names of their parents.

j.   On or about April 15, 2013, Mr. Stockman and Mr. Posey caused the electronic submission of a Report of Receipts and Disbursements for Mr. Stockman's principal campaign committee, which falsely reported the names of contributors.

k.   On or about October 15, 2013, the Stockman campaign accountant sent Mr. Stockman several emails containing drafts of an explanatory note to be included in the campaign's amended Report of Receipts and Disbursements.

l.   On or about October 16, 2013, Mr. Stockman and Mr. Posey caused the electronic submission of an amended Report of Receipts and Disbursements for Mr. Stockman's principal campaign committee, which falsely reported the names of contributors.

m.   On or about October 19, 2013, Mr. Stockman and Mr. Posey caused the electronic submission of an amended Report of Receipts and Disbursements for Mr. Stockman's principal campaign committee, which falsely reported the names of contributors.

To determine whether Mr. Stockman knowingly and intentionally conspired, with at least one other person, to commit the offenses of making contributions to a

candidate for federal office in the names of other persons, or making materially false, fictitious, or fraudulent statements and representations in a matter within the jurisdiction of the Federal Election Commission, you must consider the elements of each of these crimes alleged to be an object of the conspiracy. The government does not have to prove beyond a reasonable doubt that Mr. Stockman actually committed these crimes. Instead, the government's burden is to prove beyond a reasonable doubt that Mr. Stockman committed the crime of conspiracy to cause contributions in the names of other persons to be made to his campaign for federal office, or the crime of making materially false, fictitious, or fraudulent statements and representations in a matter within the jurisdiction of the Federal Election Commission. I am instructing you on the elements of each of these crimes in Count 9 only to assist you in determining whether the government has proved beyond a reasonable doubt each of the elements of conspiracy to commit that crime.

The elements of causing contributions in the names of other persons to be made to a candidate for federal office are:

*First:* That Mr. Stockman caused the campaign contributions to be made;

*Second*: That the person named as the contributor was not the true source of the money used for the contribution, and Mr. Stockman was aware of this;

*Third*: That the contributions were made to Mr. Stockman's campaign for

federal office or his campaign committee;

*Fourth*: That Mr. Stockman acted knowingly and willfully; and

*Fifth*: That the contributions equaled more than $10,000 in a single calendar year.

The elements of making materially false, fictitious, or fraudulent statements and representations in a matter within the jurisdiction of the Federal Election Commission are:

*First*: That Mr. Stockman willfully made or caused to be made a false statement to the Federal Election Commission regarding a matter within its jurisdiction;

*Second*: That Mr. Stockman made or caused the statement intentionally, knowing that it was false;

*Third*: That the statement was material; and

*Fourth*: That Mr. Stockman made or caused the false statement for the purpose of misleading the Federal Election Commission.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If Mr. Stockman understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to

convict him for conspiracy even if he had not participated before and even if he played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed on or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

You are asked in Count 10 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman knowingly and willfully caused the submission of a materially false, fictitious, or fraudulent statement or representation in the October 16, 2013 amended report to the Federal Election Commission.

You are asked in Count 11 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman knowingly and willfully caused the submission of a materially false, fictitious, or fraudulent statement or representation in the October 19, 2013 amended report to the Federal Election Commission.

Federal law makes it a crime for anyone to knowingly and willfully make a false or fraudulent statement in any matter within the jurisdiction of the executive, legislative, or judicial branch of the government of the United States.

For you to find Mr. Stockman guilty of either or both of these counts, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to that count:

*First*: That Mr. Stockman willfully made or caused to be made a false statement to the Federal Election Commission regarding a matter within its jurisdiction;

*Second*: That Mr. Stockman made or caused the statement intentionally, knowing that it was false;

*Third*: That the statement was material; and

*Fourth*: That Mr. Stockman made or caused the false statement for the purpose of misleading the Federal Election Commission.

A statement is "material" if it has a natural tendency to influence, or is capable of influencing, a decision of the Federal Election Commission.  It is not necessary to show that the Federal Election Commission was in fact misled.

## Instructions on Count 12

You are asked in Count 12 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of causing to be made campaign contributions in excess of the Election Act limit, an aggregated amount of $25,000 or more in calendar year 2014, by causing coordinated expenditure contributions by The Center for the American Future to Mr. Stockman's principle campaign committee, in the form of expenditures by The Center for the American Future for specific advertising advocating for Mr. Stockman's election or attacking Mr. Stockman's opponent.

Federal law makes it a crime for anyone to knowingly and willfully make excessive campaign contributions to a federal candidate or that candidate's campaign committee through coordinated expenditures.

For you to find Mr. Stockman guilty of this count, you must be convinced that the government has proved each of the following elements, beyond a reasonable doubt:

*First*: That Mr. Stockman, as a candidate for federal office, caused expenditures to be made by any individual, corporation, or organization, in cooperation, consultation, or concert with him, or at his request or suggestion.

*Second*: That the expenditures equaled $25,000 or more in a single calendar year; and

*Third*: That Mr. Stockman acted knowingly and willfully.

The term "expenditure" means any purchase, payment, distribution, loan, deposit, or gift of money or anything of value, made by any individual, corporation, or organization, for the purpose of influencing any election for federal office.

## Instructions on Counts 14 through 26

You are asked in Counts 14 through 26 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of engaging in monetary transactions within the United States in money that: 1) was worth more than $10,000; and 2) was derived from unlawful activity, specifically, mail or wire fraud.

Federal law makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find Mr. Stockman guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*: Mr. Stockman knowingly engaged or attempted to engage in a monetary transaction;

*Second*: that the monetary transaction was of a value greater than $10,000;

*Third*: that the monetary transaction involved criminally derived property;

*Fourth*: that criminally derived property was derived from specified unlawful activity; namely, mail fraud or wire fraud in violation of federal law;

*Fifth*: that Mr. Stockman knew that the monetary transaction involved

criminally derived property; and

*Sixth*: that the monetary transaction took place within the United States.

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The term "transaction" includes a purchase, gift, transfer, delivery, or other disposition and, with respect to a financial institution, a deposit, withdrawal, transfer between accounts, loan, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The government is not required to prove that Mr. Stockman knew that the offense from which the "criminally derived property" was derived was "specified unlawful activity," as defined by the statute creating this offense. The government must prove, however, that Mr. Stockman knew that the involved property was obtained or derived from the commission of a crime.

Violations of the mail fraud and wire fraud statutes are specified unlawful activities.

<u>Instructions on Count 27</u>

You are asked in Count 27 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of money laundering as to a specific financial transaction on or about March 24, 2014.

Federal law makes it a crime for anyone to conduct or attempt to conduct a financial transaction with the proceeds of specified unlawful activity, knowing that the money involved represents the proceeds of some form of illegal activity and knowing that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

For you to find Mr. Stockman guilty of this count, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That Mr. Stockman knowingly conducted a financial transaction;

*Second*: That the financial transaction involved the proceeds of the specified unlawful activity of mail fraud;

*Third*: That Mr. Stockman knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

*Fourth*: That Mr. Stockman knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

With respect to the second element, the government must prove that, in fact,

the money was the proceeds of mail fraud.

With respect to the third element, the government must prove that Mr. Stockman knew that the money involved in the transaction was the proceeds of some kind of crime that is a felony under federal or state law, although it is not necessary to show that he knew exactly what crime generated the funds. I instruct you that mail fraud is a felony.

The term "financial transaction" includes any "transaction," as that term has just been defined, which involves the use of a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce, in any way or degree.

It is not necessary for the government to show that Mr. Stockman actually intended or anticipated an effect on interstate commerce by his actions or that commerce was actually affected. All that is necessary is that the natural and probable consequence of the acts Mr. Stockman took would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, that is enough to satisfy this element. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including

the gross receipts of the activity.

"Interstate commerce" means commerce or travel between one state of the United States and another state. Commerce includes travel, trade, transportation, and communication.

The term "financial institution" includes an FDIC-insured bank or a commercial bank.

You are asked in Count 28 to decide whether the government has proved beyond a reasonable doubt that Mr. Stockman is guilty of the offense of filing a false statement on his 2013 tax year income tax return. Federal law makes it a crime for anyone willfully to make a false material statement on an income tax return.

For you to find Mr. Stockman guilty of this count, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That Mr. Stockman signed an income tax return that contained a written declaration that it was made under penalties of perjury;

*Second*: That in this return, Mr. Stockman falsely stated on line 22 of his joint 2013 United States Individual Income Tax Return, IRS Form 1040, that his total income for 2013 was $269,105.00;

*Third*: That Mr. Stockman knew that such statement was false;

*Fourth*: That the false statement was material; and

*Fifth*: That Mr. Stockman made the statement willfully, that is, with intent to violate a known legal duty.

A statement is "material" if it has a natural tendency to influence, or is capable of influencing, the Internal Revenue Service in investigating or auditing a tax return or in verifying or monitoring the reporting of income by a taxpayer.

<u>Instruction on Aiding and Abetting</u>

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of a defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before a defendant may be held criminally responsible for the acts of others, it is necessary that he deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find a defendant guilty unless you find beyond

a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find Mr. Stockman guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offenses of wire fraud, mail fraud, making false statements to the Federal Election Commission, making excessive campaign contributions, money laundering, and filing a false tax return were committed by some person;

*Second*: That Mr. Stockman associated with the criminal venture;

*Third*: That Mr. Stockman purposefully participated in the criminal venture; and

*Fourth*: That Mr. Stockman sought by action to make that venture successful.

"To participate in the criminal venture" means that Mr. Stockman engaged in some affirmative conduct designed to aid the venture.

## FINAL INSTRUCTIONS ON YOUR DELIBERATIONS

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience. The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the

foreperson should date and sign the verdict form. The foreperson will retain possession of the verdict form until the court asks for it.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

SIGNED on April 9, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge