# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO.  4:17-CR-116 (2) |
| | § | |
| STEPHEN E. STOCKMAN | § | |

## MOTION FOR RELEASE PENDING SENTENCING

STEPHEN E. STOCKMAN hereby moves for release pending sentencing pursuant to 18 U.S.C. §3143(a)(1).  Mr. Stockman requests that this Court order his release to allow him to seek necessary medical attention and treatment prior to sentencing.  At the time of his remand, this Court recognized the importance of his medical condition.  It is now apparent he is not receiving the medicine and care that he needs in custody, and there are alternatives to incarceration now that will assure his appearance at sentencing and enable him to complete the medical evaluations and treatment he needs before any further confinement and to assist in his further defense.

Without an opportunity to present witnesses and without allowing the defense to see what information the government provided to the Court *ex parte*, this Court remanded Mr. Stockman into custody immediately upon the return of the guilty verdicts.  Accepting the government's contentions, it assumed Mr. Stockman is a flight risk and that no conditions or combination of conditions could reasonably assure his appearance for sentencing now set for August 17, 2018.  Yet, it is a routine practice to allow non-violent defendants to remain on release—sometimes even pending appeal—as was true for former Governor of Louisiana, Edwin Edwards, despite his convictions of very serious offenses, many influential contacts, and substantial financial resources.  Mr. Stockman has no financial resources, his ties here are far stronger than any international contacts, and as is proffered in

this motion, he can provide evidence that would counter any of the Court's concerns. There is no valid basis for his current incarceration, and it is jeopardizing his health.

With no discernable factual basis or consideration of his medical conditions, the government's insistence that Mr. Stockman remain in custody appears selective and punitive; harsh, unwarranted, and unfair under a correct application of 18 USC § 3431(a)(1). It is contrary to the regular practice of the federal courts with respect to first-time and non-violent offenders. The judgment against him is not final. Even Bill Cosby, who is wealthy, incredibly connected, and stands convicted by a jury of a violent crime, was released pending sentencing. The government has disclosed no evidence of its contention that Mr. Stockman would flee.[1] His immediate confinement is jeopardizing his health, his ability to assist in his defense and appeal, and his ability to raise funds for his defense. It unnecessarily deprives him of any reasonable ability to get his health stabilized and his affairs in order before he is required to report to serve any sentence that might be imposed.

It is beyond dispute that Mr. Stockman is not dangerous, and one would be hard-pressed to find a person *less* likely to flee. Steve Stockman served two terms in Congress and loves this country. As the attached letters to the Court on his behalf show, Mr. Stockman would never disgrace his wife, his friends, and his former colleagues by trying to run away, and he has too many health issues to do so. Mr. Stockman has spent a lifetime *confronting* problems—not fleeing from them.

---

[1] We also request the Court allow the defense to see the material that the government filed *ex parte*. Given the history and current events within the Department of Justice, there is every reason to allow the defense to see and have an opportunity to rebut what may very well be false or wrong information that influenced the Court to remand Mr. Stockman. See Report of Special Prosecutor following the acquittal of Ted Stevens at http://www.emptywheel.net/wp-content/uploads/2012/03/stevens_report.pdf; Report of House Intelligence Committee https://intelligence.house.gov/news/documentsingle.aspx. Moreover, Mr. Stockman has no financial resources, and Mr. Posey's travels were of his own accord. The government seized Mr. Stockman's only bitcoin account that held any funds, and it canceled his credit cards.

Mr. Stockman's impeccable conduct since the investigation against him and the indictment underscores the fact that detention is unwarranted.   He had long been released on an unsecured $25,000 bond, and he complied with all conditions.   Knowing that the government will advocate for a lengthy term of imprisonment, and having his defense rejected at every turn, Mr. Stockman's time to flee would have been before or during a trial that was clearly going against him.   That did not happen.   Moreover, Mr. Stockman intends to pursue an appeal which will present formidable arguments for reversal of his conviction and gives him every reason to remain here to clear his good name, once and for all.  There is every reason to allow Mr. Stockman to be released.

**Factual & Procedural Background**

1.  On March 1, 2017, an Original Indictment was signed by a Grand Jury in Case 4:17-cr-00116, charging Mr. Thomas Dodd, Mr. Stockman's co-defendant, with Count One (1) Conspiracy to Commit Mail and Wire Fraud pursuant to 18 U.S.C. § 1349, and Count Two (2) Conspiracy to Make Conduit Contributions and False Statements pursuant to 18 U.S.C. § 371.  Mr. Dodd was arrested and released on a $50,000.00 unsecured bond.

2.  On March 15, 2017, a complaint was filed against Stephen E. Stockman.

3.  On March 16, 2017, Mr. Stockman was arrested and made his appearance before Magistrate Judge Stephen Smith.

4.  On March 16, 2017, an Order Setting Conditions of release as to Mr. Stockman was signed, releasing him on a $25,000.00 unsecured bond.

5.  On March 28, 2017, a Superseding Indictment as to Stephen Stockman was docketed as to count(s) 1-8, 9, 10-11, 12, 14-22, 24, 27 and 28, charging Mr. Stockman with Mail and Wire Fraud, Conspiracy to Make Conduit Contributions, Making False Statements to the Federal Election Commission, Money Laundering and Filing a False Tax Return.

6.     On March 19, 2018, the case proceeded to trial.

7.     On April 12, 2018, a jury returned a verdict of guilty as to Count(s) 1-5, 7-12, 14-22, 24, 27 and 28, and not guilty verdict as to Count 6.

8.     On April 12, 2018, Mr. Stockman was remanded to custody immediately pursuant to the Government's request.

9.     Sentencing is set for August 17, 2018.

<u>**ARGUMENT AND AUTHORITIES**</u>

Mr. Stockman is requesting release pending sentencing as conditions exist that can assure his appearance for sentencing, and exceptional circumstances exist that make his detention at this time a significant hardship. Mr. Stockman has already lost twenty pounds, and he is not receiving the low-carb diet or medical care he needs. He is suffering multiple medical complications as a result.

"The judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142 (b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).

In the context of the Bail Reform Act of 1984, "clear and convincing evidence" has been described as "something more than 'preponderance of the evidence,' and something less than 'beyond a reasonable doubt.'" *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). Even though the presumption shifts upon conviction, it is the routine practice of federal courts to release non-violent, first-time offenders pending their sentencing.

4

Pre-existing conditions of pretrial release can be amended to require additional financial security and additional supervision, if necessary, to be sufficient to assure the court as to his appearance for sentencing. *United States v. Majors*, 932 F. Supp. 853, 858 (E.D. Tex. 1996). (Ordering the underlying court to release the defendant pending trial). Additionally, the court may release a defendant if (1) he meets the conditions set forth in § 3143(a)(1), in other words, if he shows by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released; and (2) "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). *United States v. Kaquatosh*, 252 F. Supp. 2d 775, 776 (E.D. Wis. 2003). The statute does not define "exceptional reasons" and legislative history provides little assistance. *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). However, courts granting release have often relied upon a combination of personal factors (e.g., employment, ties to the community, performance on pre-trial release, medical conditions), and legal factors (e.g., the potential length of the sentence and the possibility of a downward departure at sentencing). *See United States v. Lippold*, 175 F. Supp. 2d 537, 540-41 (S.D.N.Y. 2001) (collecting cases); *United States v. Carretero*, 1999 WL 1034508, at *7 (N.D.N.Y. Nov. 4, 1999) (collecting cases).

## I.     **Mr. Stockman Will Appear for His Sentencing.**

Upon return of the verdict, the Government made a perfunctory argument that Mr. Stockman is a potential flight risk and thus should be detained pending his sentencing. It made no contention, nor is there any basis to contend, that Mr. Stockman is a danger to the community.

The Government argued that Mr. Stockman has a questionable financial situation, has potential ties to Egypt, and because he was found guilty, suddenly became a flight risk. Yet, Steve Stockman is a two-time former United States Congressman who was released in this case on a

$25,000 unsecured bond.  He has made every single court appearance and has complied with all conditions of release while this case was pending.  At the time of his arrest, the Government had extensive knowledge of Mr. Stockman's finances, travels abroad and ties to Egypt.  Furthermore, the seriousness of the charges against Mr. Stockman at the time of his arrest provided a strong possibility of him being jailed one day, yet the Government agreed to an unsecured bond, and Steve Stockman made all appearances pursuant to it.

### A. Mr. Stockman's Strong, Deep Ties to The United States, Friends, and Family Assure This Court That He Will Appear as Ordered.

Mr. Stockman has long standing ties to his family, his country, and the greater Houston area.  Even after the guilty verdict, he has extensive support from many individuals.  Many of these people are witnesses who would not only rebut any presumption that he is a flight risk but would sign as third-party custodians on a bond if the Court requested them to do so.  They would appear on Mr. Stockman's behalf, and Mr. Stockman requests that this Court hold a hearing at which these witnesses could testify.  These witnesses would provide the following testimony.

- **Marcia Koelln**:

Marcia Koelln would testify that she is Stockman's first cousin, two years his senior.  Koelln would state on behalf of her entire family that they would stake their reputation on Stockman appearing as ordered.  It is not in Steve Stockman's character to run away from challenges or conflicts.

- **Laique Rehman**:

Laique Rehman is a small business owner in Houston who has known Steve and Patti Stockman for eighteen years.  Mr. Rehman would state that he considers Stockman like family, and that he affirmatively believes Stockman is <u>not</u> a flight risk.

- **<u>Chuck Schneider</u>:**

Mr. Chuck Schneider would testify that he is the Executive Pastor of Sagemont Church and has known Stockman for twenty years.  Pastor Schneider would testify that during those twenty years, he has had frequent and regular interaction with Mr. Stockman and knows he will appear as ordered.  Mr. Schneider believes so strongly in Mr. Stockman that he is willing to stake his job on it.  The Pastor would commit to resigning from his position as Executive Pastor at Sagemont Church immediately if Mr. Stockman did not appear as ordered after release pending sentencing, and he is willing to serve as a third-party custodian.

- **<u>Richard Paul Wilson, Jr.</u>:**

Richard Wilson, Jr. would testify that he has known Mr. Stockman since 1994.  Wilson is a retired Professional Engineer.  Over the years, Mr. Wilson volunteered in Stockman's campaign and went on to become a Republican precinct chairman, a state senatorial convention delegate, and a state delegate.  Mr. Wilson is certain Mr. Stockman would appear as ordered after released pending sentencing.

- **<u>Cory Birenbaum</u>:**

Cory Birenbaum would state that he has known Stockman since 1992, and that he previously volunteered on Stockman's congressional campaign, served as Stockman's Special Assistant, and then as his Congressional Chief of Staff from July 1995 until January 1997.  Birenbaum would state he has remained friends with Stockman since then, and Mr.  Stockman would not flee. Mr. Birenbaum would commit to staying in contact with Stockman if released on bond to ensure his appearance and his compliance with conditions of release.

- **<u>J. Robin Clayton</u>:**

J. Robin Clayton has lived in the Houston-Galveston area all his life and has been employed

7

by NASA for over thirty years as a Resources Analyst.  Mr. Clayton has known Steve Stockman since the late 1980s when they attended The University of Houston-Clear Lake together.  Mr. Clayton would state that he has never known Stockman to run from a predicament, and affirmatively believes he would appear as ordered upon release from prison pending his sentencing.

### B. Exceptional Circumstances Exist Which Should Be Considered Before Mr. Stockman Is Sentenced.  Mr. Stockman Needs Medical Treatment.

Mr. Stockman is a sixty-one-year-old man with significant health issues.  He is a diabetic and requires close monitoring for insulin shots and a special diet.  He is receiving neither the appropriate foods nor the correct level of his prescription medication.  His insulin tests are not being administered properly.  He has already suffered one complete blackout from failure to receive his medication timely.  The inappropriate diet and failure to administer his prescription NovoLog as required are causing intestinal problems, and he has already lost twenty pounds.  Prior to entering prison, he had two intestinal surgeries—one for a ruptured colon.  He had surgery on his right eye in January.  He now has a cataract on his left eye, which needs to be removed.  These are caused by his diabetes.

He suffers significant bone loss, especially in his spine, for which he is to take Vitamin D and calcium.  He has not received either since he has been incarcerated.

In addition, he previously had an operation to remove a nasal tumor and suffers from massive nose bleeds.  The prison has denied him simple, over-the-counter medication needed to treat the hemorrhaging.  He is also suffering bouts of vertigo since his incarceration.  Furthermore, despite repeated requests, the prison did not timely refill his blood pressure medication.  Mr. Stockman repeatedly requested a refill in time to avoid missing any doses of this crucial medication.  Prison staff said the computer must have made a mistake because that did not agree

8

with their records.  Another staff member said the medication was back-ordered.  He was forced to go without it for several days before he finally received it.  These conditions threaten his life.

Prior to being sentenced to any length of time, Mr. Stockman needs to visit numerous physicians to assist him in preparing a health plan and to ensure that he can provide the Court and the Bureau of Prisons with accurate and complete health records to use in making appropriate custody determinations.  Without help of his physicians, he may suffer from significant health related issues, increasing the burden on prison staff to manage, and literally shortening if not risking his own life.

To deny him access to these professionals is already having an unwarranted adverse effect on his health and his defense.  He would seek this help, evaluations and medical counsel between now and his sentencing.

### C. There Are Conditions of Release Which Will Reasonably Assure Stockman's Appearance in Court.

Under 18 U.S.C. §3142, there are release conditions that can serve both as an alternative to detention and render detention now extreme and unwarranted.  Mr. Stockman submits the following conditions will address any release issues: (1) no contact with co-Defendants; (2) electronic GPS monitoring; (3) pretrial service supervision with reporting; (4) having a third-party custodian on a bond; and, (5) any other conditions that the Court sees fit.  Furthermore, the electronic monitoring requirement would rebut any presumption that a defendant might flee. *United States v. O'Brien*, 895 F.2d 810, 816 (1st Cir. 1990).

### D. Additional Considerations

Mr. Stockman has consistently appeared for every court session.  He reported on a regular basis to the U.S. Pretrial Services Agency, relinquished his passport, and restricted himself to domestic travel only, even without an electronic monitoring device.  There has been no violation

of the Court's conditions.   In short, Mr. Stockman has observed, to the letter, every release condition set by the Court–notwithstanding the fact that he has known, for quite some time, that he faces the prospect of a substantial period of incarceration.

Mr. Stockman would never leave his wife Patti, who had worked for NASA for thirty-three years, nor would he leave the country he loves dearly.   The money to pay for his defense came from her withdrawal of a significant portion of her retirement savings, because she believes him to be innocent.   She knows that he would never permit her to use her retirement savings and then flee.

Furthermore, he has strong family ties here with five siblings and nieces and nephews he would never abandon.   Steve Stockman's Texas roots are deep.   Though he grew up in Michigan, his great-grandfather was the first non-native born in Comanche County, Texas.   He is a proud Texan; not one to abandon ship just because the ship needs a hole plugged.

Mr. Stockman has strong faith, and his church and friends there play a large role in his life. Steve Stockman is a man who loves God, country, family, and friends.   He will stay for all of them. He would not think of leaving them and not fight the battle before him.

Mr. Stockman's release is also important to allow him to raise funds for his defense and assist counsel in preparing for his sentencing and appeal.   It is extremely difficult, bordering on impossible, for him to provide meaningful assistance while incarcerated.

Ultimately, given such strong and unwavering views from such a wide range of persons– and given Mr. Stockman's desire to pursue an appeal and clear his name, there simply is no basis for concluding that Mr. Stockman would desert the family, friends, former colleagues, church, and country to which he has been so devoted.

## <u>CONCLUSION</u>

For these reasons, Mr. Stockman has shown that conditions or a combination of conditions exist which will assure Mr. Stockman's appearance as required, and he should be released on terms and conditions pending his sentencing.   Furthermore, Mr. Stockman's medical conditions are exceptional circumstances that can best be addressed at this time with private medical care outside the prison environment until the time of sentencing.   The defense requests a hearing at which witnesses can be presented.   The defense also requests an opportunity to review the material the court reviewed *ex parte* and to provide evidence to contest it.

Respectfully submitted,

*/s/ Sidney Powell*
Of Counsel: Sidney Powell
SIDNEY POWELL, P.C.
3831 Turtle Creek Blvd. #5B
Dallas, TX 75219
Phone: 828-274-4063
Fax: 828-274-4066
Sidneypowell@federalappeals.com
Texas Bar No. 16209700

Sean Ryan Buckley
The Buckley Firm
770 South Post Oak Lane, Suite 620
Houston, TX 77056
Phone: 713-380-1220
Fax: 713-552-0746
buckleyfirm@gmail.com
Texas Bar No. 24006675
Lead Counsel

Charles Thomas Flood
Flood and Flood
914 Preston, Suite 800
Houston, TX 77002
Phone: 713-223-8877
Fax: 713-223-8879
Charles@floodandflood.com
Federal I.D. No. 22508

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF CONFERENCE**

Undersigned counsel spoke with Assistant United States Attorney Melissa Annis on May 21st to relay our concerns for Mr. Stockman's health and to discuss conditions for release pending sentencing. She refused to give any reason for Mr. Stockman's detention pending sentencing and told me to file the motion. The Government opposes the relief requested in this motion.

Undersigned counsel is also attempting to reach lead counsel Robert Heberle to see if we can agree on conditions of release. We have not yet connected although we have both attempted to do so, and I will continue to do so.

*/s/ Sidney Powell*
Sidney Powell

## **CERTIFICATE OF SERVICE**

I certify that on May 22, 2018, a true and correct copy of the foregoing motion was served via the Court's EFC system to all counsel of record.

*/s/ Sidney Powell*
Sidney Powell