UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO.  4:17-CR-116 (2) |
| | § | (Hon. Lee H. Rosenthal) |
| STEPHEN E. STOCKMAN | § | |

**DEFENDANT STEPHEN STOCKMAN'S RULE 29
MOTION FOR JUDGMENT OF ACQUITTAL**

TO THE HONORABLE LEE H. ROSENTHAL, UNITED STATES CHIEF DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS, HOUTON DIVISION:

STEPHEN E. STOCKMAN, Defendant, files his motion for judgment of acquittal pursuant to FED. R. CRIM. P. 29.  Stockman hereby incorporates and re-asserts all grounds previously asserted in his prior Rule 29 motions.  In addition, Stockman presents the following additional arguments for Rule 29 acquittal on all counts.

1. **Standard of Law.**

Rule 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(c). A defendant is entitled to a judgment of acquittal if the relevant evidence, viewed in a light most favorable to the government, could not be accepted by a reasonable minded jury as adequate and sufficient to support a guilty

verdict beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Fifth Circuit acknowledges that the *Jackson* standard is not "toothless", meaning a reviewing court must consider whether the inferences drawn by a jury were rational, as opposed to being speculative or insupportable. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 302 (5th Cir. 2014) (*en banc*). For each Count of the Indictment, "there must be some evidence on each of the necessary elements sufficient for the Court to determine that a jury could find that the crime . . . occurred beyond a reasonable doubt." *United States v. Ramming*, 915 F. Supp. 854, 859 (S.D. Tex. 1996).

The elements of Mail and Wire Fraud are that Stockman: (1) knowingly devised a scheme to defraud; (2) that the scheme used false material representations, pretenses, or promises; (3) that interstate mail or wires were used to execute the scheme; and (4) specific intent to defraud. *United States v. Simpson*, 741 F.3d 539, 547-48 (5th Cir. 2014).

Money laundering as charged in the Superseding Indictment requires proof that the funds at issue were in fact criminally derived from either mail or wire fraud.

## 1. Stockman is entitled to a judgment of acquittal on Counts 3 and 4, and on any money laundering counts flowing therefrom.

Counts 3 and 4 charge Stockman with Mail Fraud in relation to a $450,000 donation made by Richard Uihlein ostensibly to fund an "independent expenditure." The fraud allegation depends on the claim that Mr. Uihlein did not know Mr.

- 2 -

Stockman was involved in the newspaper project (the postage for which was being funded by Mr. Uihlein's $450,000).

However, the trial evidence left little doubt that Mr. Uihlein *did* know of Mr. Stockman's involvement, or at least that he was willfully blind thereof.  Kurt Wagner testified on cross-examination that he sent a letter (2014-2G) to Mr. Uihlein indicating that he and Mr. Stockman were personal friends, that Mr. Wagner was providing the mailing service for the newspaper, and then requesting Mr. Uihlein donate the postage funds.  The letter, which Mr. Wagner drafted upon Stockman's direction and with the intention of conveying it was being sent on Stockman's behalf, used the language "we" and "us" in several references throughout the letter, such as "we need the funds" and "please help us."

Upon receiving the letter, Mr. Uilhein called Mr. Wagner to discuss the request.  The phone call lasted no more than two minutes, and Mr. Uihlein seemed to have already committed to someone that he would donate the funds.  Mr. Uihlein never asked Mr. Wagner what Mr. Wagner meant by "we" or "us" in the letter, nor did he ask whether Stockman or his campaign were involved with the mailing in any way.  Mr. Uihlein simply wanted to confirm Mr. Wagner's role and know whether Mr. Wagner thought Stockman was a good guy and whether he thought Stockman had a chance of beating his opponent, John Cornyn.

The fact that Stockman may have been complicit in a coordinated expenditure or excessive contribution with Mr. Uihlein and others does not support a verdict of fraud. The mail and wire fraud statutes do not "encompass every instance of official misconduct that results in the official's personal gain." *United States v. Czubinski*, 106 F.3d 1069, 1076 (1st Cir. 1997). With respect to fraudulent intent, the evidence must show Mr. Stockman had a conscious, knowing, intent to defraud, and that he contemplated or intended some harm to the property rights of the victim. *United States v. Leonard*, 61 F.3d 1181, 1187 (5th Cir. 1995).

Further, as with other counts, there is no proof that Stockman specifically intended to defraud Mr. Uihlien at the time that the money was sent to pay postage. *See U.S. v. Gallant*, 537 F.3d at 1229.

**2. Stockman is entitled to a judgment of acquittal on Counts 1 and 8, and on any money laundering counts flowing therefrom.**

Counts 1 and 8 relate to Richard Uihlein's $350,000 donation allegedly restricted to the "Freedom House" project. In addition to arguments previously set forth in support of Rule 29 acquittal as to Counts 1 and 8 (reasserted herein), it should furthermore be pointed out that these counts rest on Mr. Uihlein's credibility in testifying that (a) his donation was restricted and that (b) he communicated such intent to Stockman. While Mr. Uihlein's testimony regarding the $350,000 donation

may appear credible on its face, it must not be evaluated in a vacuum separate and apart from his objectively dubious testimony regarding the ostensible $450,000 independent expenditure.  If Mr. Uihlein was deceptive to the Court and jury in the matter of the $450,000, then his veracity should not be permitted to bear the weight of Stockman's convictions in Counts 1 and 8.  In light of this, the Court should acquit Stockman of Counts 1 and 8 and all Money Laundering counts flowing therefrom.

**3.  Stockman is entitled to a judgment of acquittal on Counts 2, 5, and 7, and on any money laundering counts derived from these counts.**

Counts 2, 5, and 7 relate to campaign donations made to Stockman by the late Stan Rothschild.  Mr. Rothschild did not testify.  The Government attempted to pull these particular transactions into an overarching "scheme to defraud" by offering evidence of Stockman's failure to handle other prior Rothschild donations in a proper manner. However, the donations relating to Counts 2, 5, and 7 were solicited explicitly for campaign-related purposes, and the evidence at trial showed the funds were utilized consistent with the solicitations.

The fraud demonstrated at trial was not a cheat on Stockman's part, but a cheat on Mr. Rothschild's part; the evidence showed that Mr. Rothschild wanted to donate to Stockman's political campaign through his foundation to avoid paying federal income tax on the moneys he donated.  To execute this tax evasion scheme, Mr. Rothschild evidently required that Stockman ensure the campaign donations could be received by a 501(c)(3) nonprofit, even though the evidence established that Mr. Rothschild would have been

sophisticated enough to know that campaign donations could not be made through such an entity.

The fact that Stockman may have been complicit in helping Mr. Rothschild cheat the IRS while funding his campaign does not support a verdict of fraud. The mail and wire fraud statutes do not "encompass every instance of official misconduct that results in the official's personal gain." *United States v. Czubinski*, 106 F.3d 1069, 1076 (1st Cir. 1997). With respect to fraudulent intent, the evidence must show Mr. Stockman had a conscious, knowing, intent to defraud, and that he contemplated or intended some harm to the property rights of the victim. *United States v. Leonard*, 61 F.3d 1181, 1187 (5th Cir. 1995).

The government has not established this. Whether or not Stockman or others working with him evidently defrauded Mr. Rothschild on prior occasions by soliciting funds for one purpose and then utilizing the funds for another purpose, that all later solicitations by Stockman to Mr. Rothschild were necessarily fraudulent. This cannot be the law.

### 4. Conclusion and request for relief.

Stephen E. Stockman re-asserts all grounds previously asserted in his Rule 29 motions, and explicitly incorporates those prior pleadings and arguments herein.

Furthermore, for the additional reasons raised herein, Stephen E. Stockman respectfully requests that the Court enter judgements of acquittal as to all counts

pursuant to Rule 29.

Respectfully submitted,


/s/ Sean Buckley
Sean Buckley
770 South Post Oak Lane, Ste. 620
Houston, Texas  77056
TEL:  713-380-1220
FAX: 713-552-0746
Texas Bar No. 24006675

Attorney for Defendant


## CERTIFICATE OF SERVICE

I certify that on this the 28th day of May, 2018, I provided a true and correct copy of

the foregoing to counsel for the Government and all parties, via the ECF system.


/s/ Sean Buckley
Sean Buckley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO.  4:17-CR-116 (2) |
| | § | |
| STEPHEN E. STOCKMAN | § | |

## **ORDER**

Came to be heard on this date, Defendant's Post-Trial Rule 29 Motion for

Judgment of Acquittal, and the Court is of the opinion that said motion should be:

GRANTED AS TO COUNTS _____.

DENIED AS TO COUNTS _____.

SIGNED and ENTERED this the _____ day of _____, 2018.


_____
LEE ROSENTHAL
UNITED STATES DISTRICT JUDGE