IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| VS. | § | CRIMINAL NO. H-17-116-2 |
| | § § § | |
| STEPHEN E. STOCKMAN | § | |

**ORDER**

After a 4-week trial, a jury convicted Stephen Stockman of 23 counts of mail fraud, wire fraud, conspiracy to make conduit contributions and false statements to the Federal Election Commission, making false statements to the Federal Election Commission, making excessive campaign contributions, money laundering, and filing a false tax return. (Docket Entry No. 211). After the verdict, the court ordered Stockman detained pending sentencing, based on the presumption of detention following conviction, and the evidence at trial that showed Stockman had extensive international contacts, had sent Jason Posey to Egypt for two years to frustrate the criminal investigation, had received money from an unknown source to fund his defense, and had a significantly greater incentive to flee after the guilty verdict than before trial.

Stockman moved for release pending sentencing and the government responded. (Docket Entries No. 255, 259). Stockman asserts several grounds. First, he argues that he will appear for his sentencing, pointing out his consistent court appearances and compliance with conditions of release before trial while he was on an unsecured bond. Second, he includes several letters from family and friends, emphasizing his strong ties to the United States, the Houston area, and to his

1

family and community. Finally, he alleges that he is not receiving adequate medical treatment for his medical conditions. Instead of detention, Stockman proposes the following conditions: "(1) no contact with co-Defendants; (2) electronic GPS monitoring; (3) pretrial service supervision with reporting; (4) having a third-party custodian on a bond; and (5) any other conditions that the Court sees fit." (Docket Entry No. 255 at 9).

In response, the government argues vigorously that Stockman is a flight risk. First, the steep potential maximum sentence he faces—approximately 283 years—creates a strong incentive to flee, especially considering that Stockman is 61 years old. Second, the complex nature of the crimes, involving multiple bank accounts, sham nonprofit entities, disposable cell phones, and cryptocurrency transactions, shows that Stockman has the ability to use similar conduct to flee pending sentencing. Third, Stockman's extensive international contacts and travel history counsel against release. The government points to: (1) trial testimony about Stockman's contacts with government officials in Egypt, the Republic of the Congo, and South Sudan; (2) the testimony of one of Stockman's witnesses, who lives in the Republic of the Congo, that she considered Stockman to be "family" and that Stockman was a "very important person" in the Republic of the Congo; and (3) Stockman's extensive history of international travel, including 19 international flights in 2015 and 18 international flights in 2016. Fourth, Stockman's contention that he lacks financial resources is undermined by his scheme to fraudulently obtain and launder $1.2 million, as well as his demonstrated ability to raise significant funds from other sources, including funding for attorneys from an anonymous third-party benefactor. (Docket Entry No. 81). Finally, the government argues that Stockman has used international means to avoid prosecution in the past, citing the trial testimony showing that Stockman sent Posey to Egypt and sent funds to him there—first through

2

Ben Wetmore and later through Bitcoin—to keep him far away from the ongoing criminal investigation.

A court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a). "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." FED. R. CRIM. P. 46(c). The decision to detain a defendant after conviction is "common . . . because of the presumption in favor of detention that attaches to a convicted defendant." *United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016).

Stockman has not met his burden to show by clear and convincing evidence that he is not a flight risk. While Stockman complied with the appearance conditions of his pretrial conduct, the incentives and the legal burden of proof changed when he was convicted. *See United States v. Adenuga*, 2014 WL 349568, at *5 (N.D. Tex. Jan. 31, 2014) ("[S]omething has changed since trial; Defendant is no longer presumed innocent but is guilty of the counts of conviction. His [or her] legal status has changed, increasing his [or her] incentive to flee." (quoting *United States v. Jinwright*, 2010 WL 2926084 (W.D.N.C. July 23, 2010))). Before trial, there was a possibility that Stockman would be acquitted; now, he faces a potentially lengthy prison sentence, providing a stronger incentive to flee. Additionally, as the government accurately points out, the nature of Stockman's offenses, his extensive international contacts and history of international travel, and the trial testimony establishing that Stockman sent Posey to Egypt to avoid detection by law enforcement weigh strongly against release pending sentencing. Although the letters in support of

Stockman's motion show ties to his family, community, and the United States, he has not shown, by clear and convincing evidence, that he is not a flight risk.

The motion for release pending sentencing, (Docket Entry No. 255), is denied. The court will instruct the U.S. Marshals Service to work with the personnel at the Joe Corley Detention Facility to monitor Stockman's timely receipt of the medical attention and medication he needs.

SIGNED on May 30, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge