AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

Case 4:17-cr-00116 Document 329 Filed on 11/14/18 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
November 19, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Houston

UNITED STATES OF AMERICA
V.
STEPHEN E. STOCKMAN

## JUDGMENT IN A CRIMINAL CASE

CASE NUMBER: **4:17CR00116-002**
USM NUMBER: 23502-479

Marlo Pfister Cadeddu
Defendant's Attorney

☐ See Additional Aliases.

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.
☒ was found guilty on count(s) 1-5, 7-12, 14-22, 24, 27 and 28 on April 12, 2018
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1341, and 2 | Mail fraud | 01/24/2013 | 1 |
| 18 U.S.C. §§ 1341, and 2 | Mail fraud | 04/11/2012 | 2 |
| 18 U.S.C. §§ 1341, and 2 | Mail fraud | 02/17/2014 | 3 |
| 18 U.S.C. §§ 1341, and 2 | Mail fraud | 02/18/2014 | 4 |

☒ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s) 6.

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the .

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 7, 2018
Date of Imposition of Judgment

*(signed)* Lee H. Rosenthal
Signature of Judge

**LEE H. ROSENTHAL**
**CHIEF U. S. DISTRICT JUDGE**
Name and Title of Judge

November 14, 2018
Date

DEFENDANT: **STEPHEN E. STOCKMAN**
CASE NUMBER: **4:17CR00116-002**

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1343, and 2 | Wire fraud | 03/28/2012 | 5 |
| 18 U.S.C. §§ 1343, and 2 | Wire fraud | 07/02/2012 | 7 |
| 18 U.S.C. §§ 1343, and 2 | Wire fraud | 05/13/2014 | 8 |
| 18 U.S.C. § 371, 52 U.S.C. §§ 30122 and 30109(d)(1)(D), and 18 U.S.C. § 1001(a)(2) | Conspiracy to make conduit contributions and false statements | 04/30/2014 | 9 |
| 18 U.S.C. §§ 1001(a)(2), and 2 | Making false statements | 10/16/2013 | 10 |
| 18 U.S.C. §§ 1001(a)(2), and 2 | Making false statements | 10/19/2013 | 11 |
| 52 U.S.C. §§ 30116(a)(1)(A), 30116(a)(7)(B)(i) and 30109(d)(1)(A)(i), and 18 U.S.C. § 2 | Making excessive contributions | 02/28/2014 | 12 |
| 18 U.S.C. §§ 1957, and 2 | Money laundering | 07/03/2012 | 14 |
| 18 U.S.C. §§ 1957, and 2 | Money laundering | 07/24/2012 | 15 |
| 18 U.S.C. §§ 1957, and 2 | Money laundering | 02/12/2013 | 16 |
| 18 U.S.C. §§ 1957, and 2 | Money laundering | 02/12/2013 | 17 |
| 18 U.S.C. §§ 1957, and 2 | Money laundering | 02/19/2013 | 18 |
| 18 U.S.C. §§ 1957, and 2 | Money laundering | 10/16/2013 | 19 |
| 18 U.S.C. §§ 1957, and 2 | Money laundering | 01/31/2014 | 20 |
| 18 U.S.C. §§ 1957, and 2 | Money laundering | 01/31/2014 | 21 |
| 18 U.S.C. §§ 1957, and 2 | Money laundering | 03/14/2014 | 22 |

☒ See Additional Counts of Conviction.

DEFENDANT: **STEPHEN E. STOCKMAN**
CASE NUMBER: **4:17CR00116-002**

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1957, and 2 | Money laundering | 03/24/2014 | 24 |
| 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 | Money laundering | 03/24/2014 | 27 |
| 26 U.S.C. § 7206(1) | Filing false tax return | 04/14/2014 | 28 |

☐  See Additional Counts of Conviction.

DEFENDANT: **STEPHEN E. STOCKMAN**
CASE NUMBER: **4:17CR00116-002**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  120 months.
ONE HUNDRED TWENTY (120) MONTHS as to each of Counts 1-5, 7, 8, 14-22, 24, and 27, SIXTY (60) MONTHS as to each of Counts 9-12, and THIRTY-SIX (36) MONTHS as to Count 28, all counts to run concurrently, for a total of ONE HUNDRED TWENTY (120) MONTHS.

☐ See Additional Imprisonment Terms.

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant be designated to a facility that can accomodate the defendant's physical and mental needs, preferrably FMC Fort Worth or FMC Butner, and that the defendant be transferred to such facility as quickly as possible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
 ☐ at _____  ☐ a.m. ☐ p.m. on _____ .
 ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
 ☐ before 2 p.m. on _____ .
 ☐ as notified by the United States Marshal.
 ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **STEPHEN E. STOCKMAN**
CASE NUMBER: **4:17CR00116-002**

# SUPERVISED RELEASE

Upon release from imprisonment you will be on supervised release for a term of: 3 years.
THREE (3) YEARS as to each of Counts 1-5, 7, 8, 14-22, 24, and 27, and ONE (1) YEAR as to Count 28, all to run concurrently, for a total of THREE (3) YEARS.

☐ See Additional Supervised Release Terms.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

DEFENDANT: **STEPHEN E. STOCKMAN**
CASE NUMBER: **4:17CR00116-002**

# SPECIAL CONDITIONS OF SUPERVISION

You must participate in a mental-health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program, including the provider, location, modality, duration, and intensity. You must pay the cost of the program, if financially able.

You must take all mental-health medications that are prescribed by your treating physician. You must pay the costs of the medication, if financially able.

You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

☐   See Additional Special Conditions of Supervision.

DEFENDANT: **STEPHEN E. STOCKMAN**
CASE NUMBER: **4:17CR00116-002**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $2,300.00 | | $1,014,718.51 |

A $100 special assessment is ordered as to each of Counts 1-5, 7, 8, 14-22, 24, 27 and 28, for a total of $2,300.

☐ See Additional Terms for Criminal Monetary Penalties.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal payees must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| The Rothschild Art Foundation | | $385,000.00 | |
| The Rothschild Charitable Foundation Inc. | | 65,000.00 | |
| Ed Uihlein Family Foundation | | 350,000.00 | |
| Ed Uihlein | | 214,718.51 | |

☐ See Additional Restitution Payees.

| **TOTALS** | $0.00 | $1,014,718.51 | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☒ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　☐ the interest requirement is waived for the ☐ fine ☐ restitution.

　☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **STEPHEN E. STOCKMAN**
CASE NUMBER: **4:17CR00116-002**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  Lump sum payment of $2,300.00 due immediately, balance due
      ☐  not later than _____ , or
      ☒  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ installments of _____ over a period of _____ , to commence _____ days after the date of this judgment; or

D  ☐  Payment in equal _____ installments of _____ over a period of _____ , to commence _____ days after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

   Payable to: Clerk, U.S. District Court, Attn: Finance, P.O. Box 61010, Houston, TX 77208

   Balance due in 50% of any wages earned while in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any balance remaining after release from imprisonment shall be due in monthly installments of no less than $500 to commence 60 days after release from imprisonment to a term of supervision.

   * In reference to the amount below, the Court-ordered restitution shall be joint and several with any co-defendant who has been or will be ordered to pay restitution under this docket number.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**
**(including defendant number)**   **Total Amount**   **Joint and Several Amount**   **Corresponding Payee, if appropriate**
SEE COURT'S ORDER ABOVE *

☐  See Additional Defendants and Co-Defendants Held Joint and Several.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
   As set forth in the order of forfeiture executed by this Court on July 3, 2018, and as amended following the sentencing hearing on November 7, 2018.

☐  See Additional Forfeited Property.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.